HOBSON, Judge.
The appellant takes an interlocutory appeal from an order of the chancellor below denying his motion for change of custody.
The parties hereto are the parents of two minor sons whose custody was granted to the appellee in a final decree of divorce entered on January 29, 1965.
The chancellor below, on the appellant’s motion for change of custody, held two days of hearings which consists of some 312 pages of testimony.
While we might not have ruled the same as the chancellor had we been in his position, we nevertheless must affirm his order because the record-on-appeal contains substantial competent. evidence to support the chancellor’s order herein appealed.
In Bennett v. Bennett, Fla.App.1962, 146 So.2d 588, this court, in following a long line of authority, on pages 589-590, stated as follows:
“The decision of the chancellor carries with it the presumption of correctness on appellate review where, as here, the evidence and the witnesses were before him. Joyner v. Andrews, Fla.App.1962, 137 So.2d 870, 872. It is incumbent upon the appellant to demonstrate that the decree appealed was clearly erroneous. Cowen v. Cowen, Fla.1957, 95 So.2d 584; Tyler v. Tyler, Fla.App.1959, 108 So.2d 312; Cole v. Cole, Fla.App.1961, 130 So. 2d 126. If the record contains substantial evidence to support the chancellor’s *11 decree, we must uphold it even though we might have decided differently had we been in the chancellor’s position. Bruggisser v. Bruggisser, Fla.App.1961, 133 So.2d 654; Brenner v. Smullian, Fla. 1956, 84 So.2d 44,49.”
In view of the fact that the appellant has not demonstrated that the chancellor’s order is clearly erroneous and further that the record-on-appeal contains competent substantial evidence to support such order, we must affirm.
Affirmed.
LILES, C. J., and ALLEN, J., concur.