220 So.2d 438 (1969)
Mary C. HUTCHINS, Appellant,
v.
Victor H. HUTCHINS, Appellee.
No. 68-285.
District Court of Appeal of Florida. Second District.
March 14, 1969.
Rehearing Denied April 11, 1969.
C. Arthur Yergey, of Yergey & Yergey, Orlando, for appellant.
Leon H. Handley and Bruce Culpepper, of Gurney, Gurney & Handley, Orlando, for appellee.
McNULTY, Judge.
Appellant-wife was granted a divorce from appellee in 1963. Prior thereto a separation agreement was entered into, part of which dealt with the custody of the two minor children of the parties. This agreement was approved by the court and incorporated in the Final Decree of the divorce. It was stipulated therein, among other things, that "* * * the WIFE is morally and physically a fit and proper person to have the care, custody and control of (the) children * * *." Custody of the children, then aged 7 months and 2 years, was thereupon awarded to the wife.
More than four years later, on January 3, 1968, the husband filed a Petition for Modification of the Final Decree relating to custody, alleging, among other things, unfitness on the part of the appellant-wife, and, further, that it would be in the *439 best interest and welfare of the children if custody were awarded to him and his new wife. A lengthy hearing was held on each of the issues thus framed by the petition and responses thereto, and there was much conflict of testimony on the fitness of appellant-wife. The present affluent circumstances of the appellee-husband were largely unrefuted.
Upon conclusion of the evidence the trial court entered its final judgment on the Petition for Modification and found, material hereto, as follows:
"* * * that both parties are fit and proper persons to have the custody of said children but that continued custody by the wife is not in the best interests and welfare of the children, and that the older child, Victor, especially needs the paternal guidance and influence of his father; that the Defendant's rate of income has substantially increased since the entry of the divorce decree and he is better able to provide for the various needs of the minor children * * *." (Italics supplied.)
Whereupon the court modified the original decree and awarded custody of the two minor children to the appellee-husband. We reverse.
It would be of no great edification to bench or bar to burden this opinion with a discussion of the principles involved in this case. Tomes of law have been written in Florida on the rules governing custody of children of tender years; and the philosophy, both poetic and homespun, has been expounded therein to the effect that, given the fitness of the mother, she is the proper custodian of children of tender years, other things being equal.[1] We think the trial judge patently misapplied this principle in the instant case. The appellee-husband stipulated to the appellant-wife's fitness in the 1963 proceedings, and the court re-determined this fact in its findings in 1968; and there is nothing in the record to show that the "other things" are legally unequal. The mere improved circumstances of a father after a divorce, in which custody was given to the mother, will not alone render things "unequal" and authorize the modification of the original custodial order when the mother is not unfit. This is so, even if the physical environmental welfare of the children might be enhanced with their father.[2]
Another well-settled rule of law compels us to reverse in this case. That is, in order to modify a final decree of divorce, a greater showing must be made for the relief prayed for in the Petition for Modification than would have been necessary to grant such relief at the time of the original trial.[3] If it were not so, the principles of res judicata could never be given practical application to a divorce decree. While this rule ought not to be quite as inflexible when the welfare of the children of the parties to a divorce is concerned, it should be generally applied even in these cases if only to assure a reasonably stable environment for the children. Such a rule requires, then, in modification of child custody cases, not only that the general welfare of the children will be served by a change of custody, but that it will be detrimental to the children if custody is not changed.[4] Here, the circumstances of all the parties, including the children, had not materially changed to *440 the detriment of the children; and the trial judge merely found that the best interest and welfare of the children would be served by a custodial change. Such a finding was insufficient to warrant modification.
Accordingly, the order of the trial judge appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
LILES, C.J., and HOBSON, J., concur.
NOTES
[1] Fields v. Fields (1940), 143 Fla. 886, 197 So. 530; Julian v. Julian (2d D.C.A. 1966), 188 So.2d 896; Bargeon v. Bargeon (2d D.C.A. 1963), 153 So.2d 10.
[2] See Ritsi v. Ritsi (3d D.C.A. 1964), 160 So.2d 159, cert. den. (Fla. 1964), 166 So.2d 591, for a good discussion of this rule, including citation of authorities. In Ritsi custody was originally awarded to the father. The fact that the mother had re-married and had become more affluent than the father was held not to sustain a change of custody without a finding that the children were not presently being adequately cared for.
[3] Belford v. Belford (1947), 159 Fla. 547, 32 So.2d 312; Nixon v. Nixon (3d D.C.A. 1968), 209 So.2d 878; Frye v. Frye (4th D.C.A. 1967), 205 So.2d 310.
[4] See Ritsi v. Ritsi, note 2, supra.