266 So.2d 413 (1972)
Thoburn STAMM, Jr., Appellant,
v.
Pamela S. STAMM, Appellee.
No. 72-128.
District Court of Appeal of Florida, Third District.
September 12, 1972.
*414 Carr & Warren, Miami, for appellant.
Henry M. Cain, Coconut Grove, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant-plaintiff Thoburn Stamm, Jr., who was also a counter-defendant, seeks review of a final judgment for the dissolution of his marriage a vinculo matrimonii between himself and Pamela S. Stamm. He challenges those portions of the final judgment which awarded permanent custody of the two daughters (aged eight and three at the time the action was initiated) to his wife and which required the payment of $100.00 per week alimony to his wife, but without providing for a cut-off date. The judgment appealed retained jurisdiction over the parties and the minor children "... for all purposes in the future including child support and alimony."
The court found that the wife was a fit guardian, but the chancellor ordered temporary custody of the children remain with the husband, because of the children's schooling, until May, 1972, the end of the term. The husband asserts that the welfare of the children demands that he continue as guardian, especially in view of § 61.13(2), Fla. Stat., F.S.A., which provides: "... [u]pon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody."
The awarding of custody of the children continues to rest, under the new no fault divorce statute, within the sound discretion of the chancellor, who in his capacity of the trier of the facts, hears the testimony and observes the demeanor of the parties and their witnesses. In appropriate circumstances, permanent custody of the children may be granted the father, Brust v. Brust, Fla.App. 1972, 266 So.2d 400. However, in the instant case, the chancellor determined and ruled that the best interests of the children dictated that permanent custody of the children be lodged with the mother, and competent substantial evidence sustains his exercise of discretion in this case, and no abuse of discretion has been demonstrated.
The second aspect of the judgment concerns alimony, and that portion of the judgment provides:
"4. That from the date hereof until further Order of this Court, the wife, PAMELA S. STAMM, shall receive the sum of ONE HUNDRED DOLLARS ($100.00) per week as and for alimony from the husband; further the husband shall pay to the wife an additional sum of FIFTY DOLLARS ($50.00) per week as and for the wife's tuition for schooling until the end of her school year which is anticipated to be in March of 1972."
Counsel for the wife contends that the $100.00 per week was in the nature of permanent alimony, payable periodically, and the award of $50.00 per week for tuition until the end of her school year was in the nature of rehabilitative alimony. §§ 61.08, 61.14, Fla. Stat., F.S.A.
We express the view that in the instant case (whether the award of alimony *415 in its entirety is rehabilitative, as the husband contends, or whether it was a particular rehabilitative and a particular permanent periodic award of alimony), the chancellor did not err in failing to establish a cut-off date or in failing to set a definite hearing date for reconsideration of the alimony award.
In Melin v. Melin, Fla.App. 1972, 265 So.2d 414, we considered a case similar in some respects. In both cases the wife was young, and was in the process of going to school and preparing to enter the labor force. In the instant case, the marriage was two to three times longer than that of the Melins. Mrs. Melin had been employed before her marriage, but the record does not indicate whether Mrs. Stamm was so employed. Mr. Stamm is not as wealthy as Mr. Melin. The most important fact was that in the Melin case the trial court, while reserving jurisdiction, established a definite termination date for the alimony of twenty-six weeks, but in the case now under review the trial court failed to set a cut-off date for alimony, although he, too, reserved jurisdiction.
We are of the view that the rule to be established in cases governed by the new no fault divorce law of Florida is: Where the trial judge reserves jurisdiction over the parties and subject matter, particularly in light of § 61.14, Fla. Stat., F.S.A., then he may exercise his discretion in either, (1) setting a definite date at which rehabilitative alimony should terminate (or to set a specific date for a hearing on such matter at a time in the future) or, (2) in failing to set such a date. Thus, the chancellor would be reversed only for an abuse of such discretion under the circumstances of the case then being reviewed.
Therefore, for the reasons stated and upon the authorities cited, the judgment is in all respects affirmed.
Affirmed.