PER CURIAM.
The appellee husband filed an action in the Circuit Court of Dade County for dissolution of marriage. Finding the marriage was irretrievably broken, the court entered a judgment of dissolution. A motion of the defendant for rehearing was denied. The defendant appealed.
A property settlement which had been entered into between the parties and which, among other things, provided for the plaintiff father to have custody of the child of the parties, was set aside for a stated reason. However, the court awarded custody of the child to the father, the appellee, after making certain recitations as to the evidence and finding “That it would be in the best interests of the minor child that he remain in the custody of the father.”
The appellant argues the award of custody to the father was contrary to the evidence. We cannot agree. In Chapter 61 Fla.Stat., F.S.A., which deals with Dissolution of Marriage, provision is made for the award of custody and visitation rights of minor children of the parties in § 61.13(2) wherein it is stated: “Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody.”
On -consideration of the record we conclude that the custody ruling made by the trial court had adequate evidentiary support. It has not been shown that the trial court abused discretion, or departed from essential requirements of the law in the custody award. See Brust v. Brust, Fla.App.1972, 266 So.2d 400; Stamm v. Stamm, Fla.App.1972, 266 So.2d 413.
The appellant assigned as error, and has argued here, that the trial court erred in failing to include in the judgment an award of attorney fees for the services of the defendant wife’s attorney. The allowance of attorney fees to the wife in such a cause is provided for by § 61.16 Fla.Stat., F.S.A. Here the judgment did not deny such an award, but was silent on the subject. As pointed out by the appel-lee, it appears that no evidence was presented or offered, prior to judgment, on behalf of the defendant with reference to attorney fees. In that circumstance we find no reversible error in the failure of the court to award attorney fees.
In the judgment the court retained jurisdiction as follows: “That the Court retains jurisdiction of this cause for such further orders as it may deem necessary.” While that reservation of jurisdiction does not make express reference to attorney fees, neither does it expressly state any particular subjects of the reservation of jurisdiction. It is not an unusual practice in causes in which the law allows an *775 award of attorney fees, for jurisdiction to be reserved therefor in the final judgment, for future hearing and order thereon. Whether the reservation of jurisdiction in this cause was so intended, or is adequate for the purpose of subsequent hearing and award of attorney fees for the services of the wife’s attorney in the cause, is a matter for determination of the trial court.
The judgment is affirmed.