275 So.2d 598 (1973)
Estelle BRUST, Appellant,
v.
Bernard BRUST, Appellee.
No. S-249.
District Court of Appeal of Florida, First District.
April 3, 1973.
*599 Albert Datz, Datz, Jacobson & Dusek, Jacksonville, for appellant.
Tyrie S. Boyer, Dawson, Galant, Maddox, Boyer & Sulik, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant-mother, who was plaintiff in the trial court, has appealed an order which sua sponte denied her post-judgment motion to modify the custody provisions of the final judgment for divorce rendered in this cause without hearing or considering the merits of the motion.
This is the second appearance of this case in this court. Appellant sued appellee in the trial court for a divorce in which she sought alimony and custody of the three minor children born of this marriage. Final judgment was rendered in the cause on April 22, 1971, awarding appellant the divorce she sought but granting custody of the children to defendant-father subject to reasonable visitation rights in the mother. The court specifically retained jurisdiction of the cause for the purpose of modifying the custody provisions of the judgment in the event such became necessary and was warranted by a change in circumstances of the parties. That judgment was appealed by plaintiff-wife to this court and was affirmed by opinion rendered on July 6, 1972.[1]
Upon the rendition of this court's decision of affirmance, appellant immediately sought review by certiorari in the Supreme Court on the ground of a conflict between this court's decision and decisions of other appellate courts of this state. While appellant's petition for certiorari was pending in the Supreme Court, she filed a motion therein requesting that jurisdiction of the cause be temporarily relinquished and she be granted permission to file in the trial court a motion to modify the custody provisions of the final judgment because of events which had occurred subsequent to the rendition of the judgment. This motion was granted, whereupon appellant filed in the trial court a motion to modify the custody provisions of the final judgment. By her motion she alleged circumstances occurring subsequent to the rendition of the judgment which, if true, would demonstrate that by his conduct appellee-father was seeking by various and sundry means to completely alienate the affection of their minor children toward the mother and was employing tactics which effectively defeated her right of reasonable visitation with the children as granted her by the final judgment of divorce. She also alleged that the moral atmosphere of the home maintained for the children by their father was detrimental to their best interest. She prayed that custody of the children be awarded to her together with an allowance for their support and maintenance.
*600 The trial court held a hearing on appellant's motion to modify, as a result of which it rendered the order appealed herein which denied her motion without hearing or considering the merits of the issues raised by it. By its order of denial the trial court found that the motion was prematurely filed for the reason that the correctness vel non of the final judgment awarding custody of the children to the father was still the subject of appellate review by the Supreme Court; and until that judgment was either affirmed or reversed, the custody provisions of the final judgment were not final. With this conclusion we are in complete agreement. If in its certiorari review of this court's decision affirming the trial court's custody award as embodied in its final judgment of divorce the Supreme Court reversed on the ground of alleged conflict, then the motion to modify the custody provisions of the final judgment would be moot. The prayer of the motion to modify filed by appellant would have meaning only in the event the final judgment to which it was directed was found to have been correctly rendered by the Supreme Court in its review of this court's decision. The motion to modify which was filed by appellant while her petition for certiorari was pending in the Supreme Court was therefore premature and properly denied by the trial court without considering the merits. Subsequent to the order of denial the Supreme Court denied appellant's petition for certiorari, thereby leaving this court's decision of affirmance undisturbed.[2]
It is our view, however, that if properly and timely presented for the court's consideration, the motion heretofore filed by appellant contains sufficient allegations of ultimate fact relating to a change in circumstances of the parties allegedly occurring subsequent to the rendition of final judgment which would entitle her to an adjudication of the issues raised thereby in a proper proceeding to be conducted by the court. This affirmance of the trial court's order of denial is therefore without prejudice to the right of appellant to renew her motion to modify the custody provision of the final judgment of divorce upon the going down of our mandate if such is deemed to be necessary or desirable. As herein conditioned, the order appealed is affirmed.
SPECTOR, C.J., and RAWLS, J., concur.
NOTES
[1] Brust v. Brust (Fla.App. 1972), 266 So.2d 400.
[2] Brust v. Brust (Fla. 1972), 271 So.2d 142.