289 So.2d 463 (1974)
Nancy M. ANDERSON, Appellant,
v.
James Robert ANDERSON, Appellee.
No. 73-708.
District Court of Appeal of Florida, Third District.
January 29, 1974.
Rehearing Denied February 26, 1974.
*464 Horton & Perse, Miami, for appellant.
Jepeway, Gassen & Jepeway, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
In this case, a dissolution of marriage action which was filed in 1972, the trial judge determined that the best interests of the twin daughters of the parties [aged 2 1/2 years at the time of final hearing] was that they remain with their father in the family home.
The appellant-wife has appealed this ruling and assigned as error the custody award, a requirement that she contribute $25.00 per week to the support of the children, and the inadequacy of an award to compensate her for contributions toward the jointly acquired assets. Both parties to this cause were employed by the Federal Government; each makes approximately the same amount of money. This was a marriage of short duration. The children have always been taken care of by day care baby sitters. There is substantial competent evidence in the record to support the trial court's ruling that the best interests of the children were that they should remain in the custody of the father, although he found that both parents were fit to have custody of the children.
The record in this case presented a most difficult decision for the trial judge and, although we might have made an initial ruling different from that of the chancellor, if there is evidence in the record to support his decision we are not authorized to find that he abused his discretion. Tagliarini v. Tagliarini, Fla.App. 1968, 213 So.2d 10; Ebaugh v. Ebaugh, Fla.App. 1973, 282 So.2d 14. The present status of the statutory law in this State is that the parents are to be treated equal in considering custody. § 61.13(2), Fla. Stat., F.S.A. This court has recognized this rule in Cardillo v. Cardillo, Fla.App. 1972, 269 So.2d 773. Our attention has been called to Brust v. Brust, Fla.App., 1972, 266 So.2d 400 [by the First District], wherein the appellant contends that everything else being equal mothers of infants of tender years should receive prime consideration for custody. We have reviewed the opinion in Brust v. Brust, supra, and believe that it correctly states the evolution of the law relating to custody over the past several centuries. Although the statement in reference to children of tender years was not controlling in the cited case because the trial court found the children were not within such a classification. Undoubtedly, even today, a chancellor must take into account [in exercising his discretion] the fact that the children are of tender years, which might tip the scales in some degree in favor of the mother, particularly if she was non-working and available to be with the children full time. However, just because everything else being equal, there should be no conclusive presumption that children of tender years must always be placed in the custody of the mother.
Our overall view of this record fails to make it appear that the chancellor abused his discretion in awarding custody with reasonable rights of visitation, as he did in the instant case in the best interests of the welfare of the children. Hastings v. Hastings, Fla. 1950, 45 So.2d 115; Pacheco v. Pacheco, Fla. 1971, 246 So.2d 778; Stamm v. Stamm, Fla.App. 1972, 266 So.2d 413; Cardillo v. Cardillo, supra.
The other points urged for appeal have been examined and found to be without merit. Neither party earns sufficient *465 monies to care for these children independently without help from the other.
Therefore, for the reasons above stated, the final order here under review be and the same is hereby affirmed.
Affirmed.