291 So.2d 106 (1974)
Susan Lori GOODMAN, Appellant,
v.
Robert S. GOODMAN, Appellee.
No. 73-635.
District Court of Appeal of Florida, Third District.
March 12, 1974.
*107 Adams, George, Wood, Schulte & Thompson, Miami, for appellant.
Mitchell M. Goldman, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and RICHARDSON, GEORGE, Jr., Associate Judge.
HENDRY, Judge.
This is an appeal from an order of modification of child custody, granting custody of the two minor children to the divorced father.
The order now appealed followed by just over one year the final judgment of dissolution of marriage, dated April 10, 1972. It also followed an extensive testimonial hearing on the husband's petition for child custody and the wife's counterpetition for increased child support. The evidence included photographs depicting the general untidiness of the wife's home; testimony concerning the wife's sexual relationship with a man in her home while the children were in the house; and evidence of three ounces of marijuana discovered in the wife's bedroom.
In addition, neighbors testified that the wife used vile and profane language with the children and babysitters testified that the wife was indifferent to her children. There was also testimony that the wife spent many evenings away from her home, which the wife contends was necessary to earn a living as a legal secretary and showing rental condominiums. Evidence was presented which was favorable to the wife from other neighbors and babysitters who testified that she did not curse at the children and that the children at all times appeared well-cared for and well-clothed.
The trial judge also heard testimony from an investigator with the domestic relations staff of the court, Martin J. Nolan, who stated his opinion that the best interests of the children would be served by giving custody to the husband.
It is the wife's contention that the trial court erred in modifying child custody in this case because the evidence did not demonstrate a change of material condition or that the mother is unfit to have custody or that the best interests of the children would be served by a custody change. We disagree.
The children in this case are ages four and five, respectively. Under the new no-fault divorce law, specifically Fla. Stat. § 61.13(2), F.S.A. the mother of *108 children of tender years should receive prime consideration for custody, providing all else is equal. However, there is no conclusive presumption that the mother is entitled to custody, even where everything else is equal. Anderson v. Anderson, Fla. App., 289 So.2d 463, opinion filed January 29, 1974. We realize that in order to modify a custody award, a greater showing is necessary than was made originally at the time of trial. Hutchins v. Hutchins, Fla. App. 1969, 220 So.2d 438.
In the cause sub judice, we do not think the trial court's order modifying custody has been shown to be clearly erroneous. See Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588. In ordering a modification, the welfare of the children should be the court's paramount concern. Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159; Nixon v. Nixon, Fla.App. 1968, 209 So.2d 878.
Appellants argue that the trial court must make a specific finding in his order that the spouse originally awarded custody has become unfit or that there has been a change of material condition or that the best interest of the children would be served by a change in custody, citing Hutchins v. Hutchins, supra. Our reading of the Hutchins cases fails to reveal any requirement that the trial judge make such a specific finding in his order modifying custody of the children as suggested by the appellant. The Fourth District Court in Hutchins did state that in modification of child custody cases a showing must be made "not only that the general welfare of the children will be served by a change of custody, but that it will be detrimental to the children if custody is not changed."
It is not within the province of this court to substitute its judgment for that of the trial judge, the finder of fact in this case. Smothers v. Smothers, Fla. 1973, 281 So.2d 359. The court heard extensive testimony and was presented with documentary and photographic evidence. We think the record in this case supports the trial court's order of modification of custody of the children.
The wife also argues that the trial court erred by allowing Officer Nolan to give opinion evidence respecting which parent should have custody. This point lacks merit. The court stated unequivocally that Nolan was presenting expert testimony pursuant to the court's order, after first duly establishing his expert credentials. We also note that Fla. Stat. § 61.20, F.S.A. empowers the court to order social investigations when child custody is at issue, and relaxes technical rules of evidence pertaining to reports filed in connection with such investigations.
Therefore, for the reasons stated and upon the authorities cited, the order granting custody of the children to the husband is affirmed.
Affirmed.