315 So.2d 9 (1975)
Errol D. FORMAN, Appellant,
v.
Beverly FORMAN, Appellee.
No. 74-932.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 22, 1975.
Richard & Richard, Miami Beach, for appellant.
Koeppel, Stark, Marks & Newmark, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The father of the minor child, Sean Forman, age four, appeals a custody award to the mother, appellee herein, on the condition that the mother reside with her parents in Flint, Michigan and that joint custody be shared between the mother and maternal grandparents.
Our scrutiny of the record and briefs of counsel reveals that much of the testimony, which was heard by a General Master (to whom the court referred this case pursuant to Florida RCP 1.490), is unusual and unsavory.
At the conclusion of the proceedings before the Master, detailed findings of fact and conclusions of law were entered. While the Master's findings do not specifically find either parent unfit, the Master also expressed the view that neither party had exhibited conduct in the past which was consistent with the best interests of the child.
It was the Master's recommendation that Sean be placed in the permanent custody and control of the maternal grandparents.
Thereafter, the case proceeded to a hearing before the trial judge (who originally granted a divorce between the parties on *10 November 24, 1970) for a final determination of the father's petition to modify the final judgment involving the custody of the couple's minor son.
Exceptions to the Master's Report were filed by the father, bitterly assailing his former wife's fitness as the mother of the child and alleging that he was fit to have custody.
The trial court, following a hearing during which he heard extensive legal argument and orally recited his conclusions based in part on his personal knowledge of the parties and the history of this domestic dispute, entered the written order now appealed which approved and ratified the General Master's Report, with the modification that Beverly Forman was awarded custody of the child along with her parents.
On appeal, the father has submitted three major points, including sub-points. Summarized, the appellant complains that the trial court deviated from the Master's recommendations without good cause; awarded, in effect, custody of the child to third parties where a natural parent (the father) was fit to have custody; and failed to give him, as the father of child, equal consideration for child custody which is now required under Florida's dissolution of marriage law.
Upon a careful consideration of this case, in light of the particular (and peculiar) circumstances presented in the record, we hold that the trial court arrived at a solution which appears equitable and in the best interests of Sean Forman, whom the trial judge properly considered his paramount concern.
We have no quarrel with the appellant's contention that in the absence of unfitness of the natural parents, the court may not award custody to strangers. Besade v. Besade, Fla.App. 1975, 312 So.2d 484 (1975). But, that simply is not the problem at hand in this case, because the court awarded primary custody to the mother, although unmistakably the judge made it conditional as well as joint custody.
We flatly reject appellant's contention that the trial judge attempted to "spuriously" comply with the law by placing the mother in the custodial picture, or that "joint" or "conditional" custody is always illegal and immoral under Florida law.
It is still the law that where all else is equal, children of tender years should be awarded to the mother. Anderson v. Anderson, Fla. 1975, 309 So.2d 1; Silvestri v. Silvestri, Fla.App. 1975, 309 So.2d 29; Goodman v. Goodman, Fla.App. 1974, 291 So.2d 106.
The mere fact that the court feels that the grandparents might play a significant role in assisting to bring about a better domestic environment for the child does not deprive the father of a "natural right;" nor should labels such as "joint" or "conditional" custody which the appellant ascribes to the award govern our determination of this appeal.
We are convinced that the trial court made the custody award based upon his assessment of the best interests of the child.
We have also considered the two points raised on the cross-appeal by the mother, and we find that neither point shows an abuse of discretion.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.