321 So.2d 443 (1975)
Linda ROSS, Appellant,
v.
Jere Sandy ROSS, Appellee.
No. 75-200.
District Court of Appeal of Florida, Third District.
November 4, 1975.
*444 Halpern, Shenberg & Langer, Miami, for appellant.
Horton, Perse & Ginsberg, William Phillips, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and HALL, VINCENT T., Associate Judge.
NATHAN, Judge.
Linda Ross appeals from a final judgment of dissolution of marriage awarding custody of the parties' one and one-half year old child to the father, Jere Sandy Ross, and from the failure of the trial court to award alimony to the wife or attorneys fees to her attorneys.
The husband and wife, age 27 and 25, respectively, were married in 1971 and one child was born of the marriage. Just prior to dissolution of the marriage, the parties entered into a property settlement agreement which omitted alimony. Apparently, the sole contested issue before the trial court was the matter of custody of the child which, after extensive testimony, was awarded to the husband, with liberal rights of visitation to the mother.
On appeal, the wife and mother contends that since the trial judge did not find her to be unfit, due to the tender age of the child, there is a presumption that she should have custody of the child. Her statement of the law is well taken. Although § 61.13(2), Fla. Stat., provides for equal consideration of mother and father in a determination of custody, the law of Florida is still that, other essential factors being equal, the mother of an infant of tender years should receive prime consideration for custody. Anderson v. Anderson, Fla. 1975, 309 So.2d 1; Forman v. Forman, Fla.App. 1975, 315 So.2d 9. However, in a child custody proceeding, it is the function of the trial judge to determine what is in the best interests of the child. An appellate court should not reverse the trial judge's findings absent a showing of abuse of discretion. Grant v. Corbitt, Fla. 1957, 95 So.2d 25; Dinkel v. Dinkel, Fla. 1975, 322 So.2d 22. Where, as in the case sub judice, there is conflicting testimony as to the best interests of the child insofar as custody is concerned, the judgment of the trial court should not be disturbed absent a finding of abuse of discretion, which requires a lack of substantial evidence to sustain the trial judge's findings. Cf. Dinkel v. Dinkel supra. After hearing extensive testimony, the trial judge made the determination that the young child's welfare would best be served by awarding custody to the father. No clear abuse of discretion having been shown, the judgment of the trial court is affirmed.
As to the trial court's failure to award alimony to the wife, testimony was presented that the wife is educated and employed and no showing of any need for *445 alimony was made before the trial court. The issue of the husband's ability to pay and the wife's need for alimony was not raised at the hearing. These are the factors to be considered by the court in awarding alimony. Kahn v. Kahn, Fla. 1955, 78 So.2d 367; Baker v. Baker, Fla. App. 1974, 299 So.2d 138. Neither is there a basis in the record for an award of attorneys fees for the wife's attorney as there was no evidence or attempt to put on evidence in this regard. See Lyle v. Lyle, Fla.App. 1964, 167 So.2d 256.
For the reasons stated, the judgment of the trial court is affirmed.
Affirmed.