327 So.2d 72 (1976)
Samuel Curry SNEDAKER, Appellant,
v.
Karen Ramey SNEDAKER, Appellee.
No. Y-16.
District Court of Appeal of Florida, First District.
January 26, 1976.
Rehearing Denied March 9, 1976.
*73 Selig I. Goldin of Goldin & Turner, Gainesville, for appellant.
Nath C. Doughtie, of Canto, Salter, West, Doughtie & Feiber, Gainesville, for appellee.
BOYER, Chief Judge.
This appeal emanates from a final judgment entered by the learned trial judge awarding to the appellee (mother) custody of the three-year-old minor child of the parties. The facts are such that no useful purpose will be accomplished by a lengthy recitation thereof. Suffice to say that our reading of the record reveals no evidence in support of appellee's contention that it is for the "best interest" of the minor child for custody to be awarded to her. It is settled law that although a trial court has broad discretion in child custody proceedings, nevertheless his final judgment must have a foundation in the evidence adduced before him. Sub judice the record reveals that the evidence did not afford a basis for the able trial judge's conclusion when considered in the light of the principles announced in the cases hereinafter cited. We find therefore, in the absence of such evidence, that the learned judge abused his discretion. (Dinkel v. Dinkel, Sup.Ct.Fla. 1975, 322 So.2d 22, opinion filed August 14, 1975)
As opposed to the void of evidence in support of the position of appellee, the record is replete with evidence that the best interest of the child will be accomplished by awarding custody to the child's father, appellant here.
In any child custody proceeding, the welfare of the child is the prime consideration. (Brust v. Brust, Fla.App. 1st 1972, 266 So.2d 400, certiorari denied Sup. Ct.Fla. 1972, 271 So.2d 142; Dinkel v. Dinkel, supra, and cases therein cited)
Other things being equal, prime consideration should be given to the mother of a child of tender years in custody proceedings. (Brust v. Brust, supra; Dinkel v. Dinkel, supra)
However, when the evidence reveals that "other things" are not equal then the primary consideration accorded the mother is subservient to the best interests and welfare of the child.
There is a clear distinction between fitness of parents and the best interests of a child. Both parents may be fit but "other factors" may determine with which of the fit parents a child's interests and welfare will be best served.
When, as here, there is a dearth of evidence in support of the position of the mother, as opposed to overwhelming evidence indicating that it is for the best interests of the child for its custody to be awarded to its father, any "presumption", "prime consideration", or "natural edge", abiding with the mother is overcome and custody should be awarded to that parent in whose custody the best interests of the child will be served, in the light of the evidence adduced.
Accordingly, that portion of the final judgment here appealed by which custody of the parties' minor child was awarded to appellee is reversed and this cause is remanded with directions that said child's custody be awarded to appellant, Samuel Curry Snedaker.
It is so ordered.
MILLS, J., concurs.
SACK, MARTIN, Associate Judge, dissents.
SACK, MARTIN, Associate Judge (dissenting).
I dissent.