330 So.2d 811 (1976)
Donna KLAVANS, Appellant,
v.
Jack KLAVANS, Appellee.
No. 75-664.
District Court of Appeal of Florida, Third District.
March 23, 1976.
Rehearing Denied May 11, 1976.
*812 Markus, Winter & Spitale, Paul E. Gifford, Miami, for appellant.
Storace, Hall & Hauser, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, Donna Klavans, seeks reversal of that provision of a final dissolution of marriage judgment awarding custody of the four year old daughter, Marti, to the father, Jack Klavans.
Donna Klavans filed a petition for dissolution of the six year marriage to Jack Klavans and prayed that she be awarded custody of their only child Marti, three years old at the time. Jack counterpetitioned for dissolution also seeking custody of Marti. After finding that "both parties, the father and the mother, are equally fit and proper parents to have custody of the minor child, to wit: Marti Klavans, four years of age ...," the chancellor dissolved the marriage between the parties and awarded custody of Marti to Jack. Donna appeals the custody award. We reverse.
The law still remains that where equal consideration given to the father in determining child custody results in the finding that the parties are equally fit to have custody, children of tender years should be awarded to the mother. See Anderson v. Anderson, Fla. 1975, 309 So.2d 1; Silvestri v. Silvestri, Fla.App. 1975, 309 So.2d 29; Forman v. Forman, Fla.App. 1975, 315 So.2d 9.
Both parents having been found equally fit and Marti being a child of tender years, the chancellor erred in awarding custody of Marti to the father, Jack Klavans. We reverse the custody provision of the dissolution judgment and remand the cause to the chancellor with directions to enter an order awarding custody of Marti to the mother, Donna Klavans, with reasonable visitation rights being given to the father.
It is so ordered.