PER CURIAM.
The question raised by appellant, petitioner/wife below, by this interlocutory appeal is whether the trial court, in an order dated May 19,1976, dismissing a petition for dissolution of marriage and reserving jurisdiction as to the allowability of attorneys’ fees, retained jurisdiction to set the amount of such fees. We are of the opinion that the trial court did retain such jurisdiction; therefore, the orders appealed are affirmed.
The contentious language in the order reads as follows:
“. . . it is hereby directed that the Court reserves jurisdiction to consider, after hearing upon notice, the sole question of the allowability, as distinguished from determination of the amount, of *1126 attorneys’ fees for the Petitioner-Wife’s attorneys.”
In retrospect this phraseology could have been more precise; however, we think that a fair construction of the quoted language indicates the trial court retained jurisdiction both to determine the allowability of attorneys’ fees and to set the amount of such fees. It is logical that the intent of the order was for the trial court to determine first the allowability of attorneys’ fees. If the fees were disallowed, the hearing as to the amount of such fees would be obviated, thereby promoting judicial economy and minimizing further time and expense to the parties. See Cardillo v. Cardillo, 269 So.2d 773 (Fla. 3rd DCA 1972); Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971), and Section 61.16, Florida Statutes (Supp.1976).
Affirmed.