370 So.2d 417 (1979)
Kiumars BAKSHANDEH, Appellant,
v.
Alam Farzad BAKSHANDEH, Appellee.
No. 78-829.
District Court of Appeal of Florida, Third District.
April 24, 1979.
Rehearing Denied May 25, 1979.
Koeppel, Stark & Newmark and Robert L. Koeppel, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Ray H. Pearson, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a motion under Fla.R.Civ.P. 1.540 to set aside a property settlement agreement contained in a final decree of marriage dissolution and thereafter to award alimony, child support, and child custody to the wife as a de novo matter before the *418 Circuit Court for the Eleventh Judicial Circuit of Florida. After hearing four days of extensive testimony, the trial court granted the motion to vacate, awarded custody of the minor child to the wife and reserved jurisdiction on the questions of alimony and child support. The husband appeals contending it was reversible error for the trial court (1) to set aside the prior marriage dissolution decree relating to the property settlement agreement, and (2) to award custody of the minor child to the wife. We disagree and affirm.
The central issue involved in this appeal is whether a property settlement agreement incorporated in a final decree of marriage dissolution may be set aside under Fla.R.Civ.P. 1.540 on the ground that one of the parties thereto induced the other party through coercion or duress into entering into such an agreement. Fla.R.Civ.P. 1.540(b)(3) provides that a trial court may relieve a party or his legal representative from a final judgment within one year after the entry of such judgment based on a number of grounds including "misconduct of an adverse party." In our view, it is misconduct for a party to a property settlement agreement in a marriage dissolution action to induce the other party through coercion or duress into entering into such an agreement. Accordingly, we hold that such coercion or duress constitutes a proper ground under Fla.R.Civ.P. 1.540(b)(3) to set aside such a property settlement agreement as incorporated in a final decree of marriage dissolution. McCormick v. McCormick, 181 So.2d 220, 222 (Fla. 2d DCA 1965).
In the instant case, a timely motion to vacate under Fla.R.Civ.P. 1.540 was filed by the wife seeking to set aside a property settlement agreement incorporated in a final decree of marriage dissolution on the ground that she had been subjected to coercion and duress by her husband into entering into such agreement. There is an abundance of evidence in the record to support the ground urged in this motion. The trial court so found, and contrary to the husband's contention, we find no basis for upsetting that finding. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976).
The husband also disputes the custody award of the minor child to the wife. We find no merit in this contention as the child herein was of tender years and there was sufficient evidence in this record, although disputed, to award custody of the minor child to the wife. Anderson v. Anderson, 309 So.2d 1 (Fla. 1975); Barnhill v. Barnhill, 353 So.2d 923, 924 (Fla. 4th DCA 1978); Klavans v. Klavans, 330 So.2d 811 (Fla. 3d DCA 1976).
As a final note, we are disturbed by an undisputed fact which emerges from this record. The wife Dr. Alam Farzad Bakshandeh is a physician licensed to practice medicine in Florida; the husband Kiumars Bakshandeh is the chief resident urological surgeon for the University of Miami. Both were originally from Iran where they received part of their medical training. The record reveals that in February, 1972, the wife took a medical examination for her sister Iran Farzad Rafael for admission to a medical training program as a foreign physician in the state of Illinois. The examination was given in Chicago wherein the wife used her sister's name, took the examination and passed it. The sister after additional training and examination was admitted to practice medicine in Illinois. There is evidence that the husband urged the wife to take the examination for her sister and thereafter used this indiscretion to blackmail the wife into signing the property settlement agreement herein. The record does not reflect whether the appropriate medical authorities have been notified of the above facts. We trust that such notification will be accomplished in the near future.
Affirmed.