375 So.2d 1082 (1979)
John H. MARSHALL, III, Appellant,
v.
Allyson M. MARSHALL, Appellee.
No. NN-66.
District Court of Appeal of Florida, First District.
September 5, 1979.
Rehearing Denied November 7, 1979.
James F. McKenzie of Myrick & McKenzie, P.A., Pensacola, for appellant.
*1083 Albert Grinsted, Shalimar, for appellee.
PER CURIAM.
This cause is before us on appeal from a final judgment awarding custody of a two-year-old child to the mother. The father contends the evidence fails to establish that the award is in the best interests of the child, and that the trial court misapplied the doctrine of tender years. We agree and reverse.
In any child custody proceeding, the welfare of the child is the prime consideration. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). We recognize that this court may not reverse the trial judge's findings absent a showing of abuse of discretion, which requires a lack of competent substantial evidence to sustain the findings of the trial judge. Here the evidence strongly indicates the mother lacks maturity and has little inclination or ability to give the care, attention and guidance the child requires. The father, on the other hand, has been consistent in his duties as a parent and has shown himself willing and able to provide the emotional stability and care needed for the child. Independent testimony, including that of the home study worker, who recommended custody be given to the father, supports the father's claim. No factor other than the tender age of the child appears in the mother's favor.
This court in Snedaker v. Snedaker, 327 So.2d 72 (Fla. 1st DCA 1976) states the rule on proper application of the tender years doctrine, in part as follows:
"Other things being equal, prime consideration should be given to the mother of a child of tender years in custody proceedings... .
However, when the evidence reveals that `other things' are not equal then the primary consideration accorded the mother is subservient to the best interests and welfare of the child.
* * * * * *
When, as here, there is a dearth of evidence in support of the position of the mother, as opposed to overwhelming evidence indicating that it is for the best interests of the child for its custody to be awarded to its father, any `presumption,' `prime consideration,' or `natural edge,' abiding with the mother is overcome and custody should be awarded to that parent in whose custody the best interests of the child will be served, in light of the evidence adduced." (emphasis theirs)
Here we come to the inescapable conclusion that the doctrine of tender years has been misapplied as a mandate requiring the award of custody to the mother. Florida Statute § 61.13(2)(b) provides:
"Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody."
The tender years of the child is one of the relevant factors to be considered but does not override the basic determination which must in each instance be the welfare and best interest of the child.
Accordingly, the judgment below is REVERSED and REMANDED for award of custody to the father and proceedings consistent herewith.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.