NESBITT, Judge.
We reverse the provision of the final judgment of dissolution which required the wife to pay $100 per month to the husband as permanent periodic alimony.
The husband did not appear at the final hearing and no evidence was adduced on his behalf other than a social security certificate, admitted by stipulation, indicating that he was 100% disabled. Testimony indicated the husband received monthly benefits from social security in the amount of $596. Testimony also indicated that the wife had a net monthly income of $626.78. She was awarded custody of their minor child which therefore entitled her to derivative monthly social security benefits for the minor of $223. Her testimony indicated *1338 that monthly expenses for her and the child exceed the sum of her earnings and the social security payments.
Proof of 100% disability did not constitute proof of the husband’s need for alimony. Sisson v. Sisson, 336 So.2d 1129 (Fla.1976); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978). In this case, the parties have essentially the same earning capacity. The wife’s ability to pay alimony is an essential consideration that must be demonstrated before a trial court may impose that obligation upon her. DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978); Lytton v. Lytton, 289 So.2d 17 (Fla. 2d DCA 1974). Moreover, the award of custody of the child to the mother was a factor to be considered by the court in determining the proper amount of alimony. Seale v. Seale, 350 So.2d 96 (Fla. 1st DCA 1977).
The record in this case indicates that there was a complete absence of evidence to support either the husband’s need or the ability of the wife to pay alimony. Absent such a showing, it was error to impose permanent periodic alimony obligations upon the wife. Reardon v. Reardon, 355 So.2d 207 (Fla. 1st DCA 1978); Ross v. Ross, 321 So.2d 443 (Fla. 3d DCA 1975).
This provision of the final judgment of dissolution is reversed. In all other respects, the judgment under review is affirmed.