PER CURIAM.
By this appeal, we are called upon to review the custody provisions and the award of certain personal property upon the entry of a final judgment of dissolution of marriage.
The father was awarded the custody of a son of the parties who, at the time of the final hearing, was five years of age. The mother takes this appeal and urges that the child, being of tender years, should have been placed in her custody. She also urges error in the distribution of certain personal property. We affirm.
Although we might not have made the provisions for custody as done by the trial judge, if there is evidence in the record to support his award we should sustain it. Anderson v. Anderson, 289 So.2d 463 (Fla. 3d DCA 1974); Ross v. Ross, 321 So.2d 443 (Fla. 3d DCA 1975); Koken v. Neubauer, 374 So.2d 49 (Fla. 3d DCA 1979). Since the adoption of the no fault divorce law, the courts of Florida have sustained the awarding of children of tender years to the father. Anderson v. Anderson, supra; Brust v. Brust, 266 So.2d 400 (Fla. 1st DCA 1972); Goodman v. Goodman, 291 So.2d 106 (Fla. 3d DCA 1974); Ross v. Ross, supra; Snedaker v. Snedaker, 327 So.2d 72 (Fla. 1st DCA 1976); Keller v. Keller, 348 So.2d 654 (Fla.1977).
As to the point on the personal property, the husband made a claim for it in his original pleading; he tendered a list identifying it without any objection, and we find that the appellant’s complaint at the present time to be untimely. Lee County Oil Company v. Marshall, 98 So.2d 510 (Fla. 1st DCA 1975); Miami International Hatcheries, Inc. v. General Mills, Inc., 168 So.2d 83 (Fla. 3d DCA 1964).
Therefore, the final judgment of dissolution of marriage here under review be and the same is hereby affirmed.
Affirmed.