DAUKSCH, Judge.
This is an appeal from a judgment setting aside an agreement in a marriage dissolution case and a conveyance of real property. The question on appeal is whether a Seminole County Circuit Court has the authority to set aside the conveyance which was made pursuant to an agreement incorporated into an Orange County Circuit Court judgment in a marriage dissolution case.
In June 1981, a final judgment of dissolution was rendered in Orange County which provided in part that:
[T]he Separation, Child Custody and Property Settlement Agreement executed by the parties and dated the 20th day of April, 1981 is hereby ratified, confirmed and adopted as a part of this final judgment and is incorporated herein by reference as if fully set forth herein and shall survive this judgment, the parties herein being ordered to adhere to the provisions set forth therein.
Within the Agreement was a provision that the appellee would convey to appellant some real property situated in Seminole County.
It is appellee’s position that because the Orange County judgment says that the *285 Agreement “shall survive this judgment that the Seminole County Circuit Court has jurisdiction and authority to order, as it did, that:
1. The Agreement of the parties bearing date April 20, 1981 and filed in evidence is hereby determined to be void because of the duress, coercion and extortion practiced upon the plaintiff CAROLYN L. COBOURN by the defendant WILLIAM P. COBOURN.
2. The conveyance by plaintiff CAROLYN L. COBOURN to defendant WILLIAM P. COBOURN recorded in ORB 1341, page 1470, of the Public Records of Seminole County, Florida, is hereby vacated, set aside and held for naught as to Lots 106 and 107, LAKE SYLVAN ESTATES, and there is hereby restored to plaintiff CAROLYN L. COBOURN her undivided one-half interest, as tenant in common, in and to the lands described as
Lots 106 and 107, LAKE SYLVAN ESTATES, as per Plat Book 12, page 13, Public Records of Seminole County, Florida.
3. The defendant WILLIAM P. COB-OURN held Lot 105, LAKE SYLVAN ESTATES in constructive trust for the benefit of plaintiff CAROLYN L. COB-OURN and that plaintiff is entitled to an accounting of the money received by defendant from the sale of said Lot 105.
4. The interest of plaintiff CAROLYN L. COBOURN in and to all personal property which was jointly owned by the parties as of the date of said agreement is hereby restored to plaintiff CAROLYN L. COBOURN.
5. Plaintiff’s demand for attorneys fees is denied; however, costs are hereby assessed against the defendant in the amount of $419.05, for which judgment is hereby entered in favor of plaintiff CAROLYN L. COBOURN.
It is appellant’s position that only the Orange County Circuit Court has jurisdiction and authority to determine the matter because the agreement for the conveyance was made a part of the final judgment and thus the conveyance was done in compliance with a court ordered requirement.
We agree with appellant and hold that any attack upon a conveyance of real property, which conveyance was done in compliance with a court order or judgment, must be made in the court which ordered the conveyance. Rule 1.540(b), Florida Rules of Civil Procedure, says:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, au-dita querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree *286 shall be by motion as prescribed in these rules or by an independent action,
(emphasis added).
We place special importance upon the words in the rule “the court may relieve ...” and interpret the rule to mean that only the court which ordered the conveyance has the authority to withdraw the order and set aside the conveyance. See Bakshandeh v. Bakshandeh, 370 So.2d 417 (Fla. 3d DCA 1979).
In Davis v. Fisher, 391 So.2d 810, 811 (Fla. 5th DCA 1980), this court held: “Because the property settlement agreement was ratified by the court and incorporated in the judgment, it rises to the dignity of that judgment and the trial court had no authority to review it.” (citations omitted). Just as one trial judge has no authority to review another’s judgment, a trial court from a different circuit cannot countermand the other’s judgment; although, of course, all circuit courts can have statutory authority to modify alimony, custody, child support and other such matters where residential factors permit.
Where fraud, mistake, excusable neglect or other factors would permit the setting aside of a judgment, then only the court which rendered the judgment may set it aside, and because the Agreement was incorporated within the judgment we must say the Seminole Circuit Court had no authority to set aside the conveyance.
REVERSED.
COBB, J., concurs.
SHARP, J., dissents with opinion.