TERRELL, Justice.
Frances Joy Widett sued Myron Widett for divorce, alimony and custody of their minor child, a girl six years old. In his answer Myron Widett denied the material allegations of the complaint and counterclaimed for divorce on the ground of adultery, extreme cruelty and habitual indulgence in a violent and ungovernable temper. At the conclusion of the trial, the chancellor made the following findings:
“The proof is clear that she committed adultery not only with one man, but with several others at various times and places. Her conduct, without attempting to recite it here, evidences that she was wholly without any good faith in resuming the marital relations with her husband. She has intentionally failed to treat him with conjugal kindness, since they resumed marital relations.
“Upon the proof, she is guilty of adultery, which has not been condoned. She is also guilty of extreme cruelty. She is entitled to no alimony.
“No useful purpose would be served in reciting the evidence upon which the court bases the conclusion that she is quite unfit to have the custody of the child. This is disclosed by the record.
“The father is a fit person to have custody. But, regardless of that, the father has no home in which to raise this girl, except with hired help in complete charge during his many absences.
“One must hope that the mother will change her ways upon the entry of this decree and that she will provide the care, affection and wholesome atmosphere that this girl is entitled to in her childhood days. Reluctantly, the Court determines that the welfare of the child requires her present custody with her mother.”
On the basis of these findings the chancellor entered a final decree dated February 10, 1955, granting the husband’s prayer for divorce, awarding custody of the child to the wife and required the husband to pay the wife $200 per month for maintenance. The mother was also awarded possession of the home where the parties had lived.
Pending disposition of the appeal this court on February 3, 1956, relinquished *771 jurisdiction temporarily to enable the Circuit Judge to hear and determine a petition to change custody of the minor child. February 21, 1956, this court, on motion of petitioner, vacated its order of February 3, and upon hearing argument for both sides ordered, “ex mero motu nunc pro tunc February 3, 1956,” that the Circuit Judge of Palm Beach County was authorized to hear petition re custody of the minor child. Prior to said order the chancellor entered his order on February 6, 1956, changing custody from the mother to the father. Appeal by certiorari was taken from the latter order. This appeal was on May 4, 1956, consolidated with the original appeal for the purpose of oral argument. On motion of petitioner, the appeal by certiorari was dismissed on the last named date so the original appeal is all that is before us at this time.
The only point involved in the appeal has to do with custody of the minor child.
Appellant contends that the chancellor abused his discretion in awarding custody of the child to the mother after finding that the father “is a fit person to have custody” and that much of the testimony of the mother was “wholly unworthy of belief,” was guilty of adultery with numerous men and was unfit to have custody of the child. Appellee points out on the other hand that the appendix to appellant’s brief contains no testimony or excerpts from testimony establishing the facts on which the chancellor predicated his decision and being so, it should not be disturbed.
It is true that the appendix to appellant’s brief contains nothing as to the character of appellee and her fitness or unfitness to be guardian of the minor child. The appendix does show that on March 11, 1955, appellant filed a petition for modification of the original decree as to custody of the child. It also contains a narrative of testimony to support the premise that appellant had changed his method of life since the final decree; that he had acquired a comfortable home in Miami Beach; that he had employed a governess to look after the child; that he employed help to look after the home and that he was then prepared to remain at home whereas before he had been away from home most of the time. The chancellor denied this petition by order of March 23, 1956, on ground that no sufficient showing had been made to warrant a change in the final decree. The appellant attempted to appeal from both the final decree and the order to denying modification, the latter not being properly be-for the court on appeal.
There is evidence in the record to support the chancellor’s finding but in the appendix to the brief there is no basis for reversal. We have concluded that under the circumstances recited, the decree appealed from should be and is hereby affirmed but on condition that such affirmance determines status up to final decree only. Affirmance is also without prejudice to petition the court below for change of custody of the minor child on the basis of changed circumstances alleged to have taken place after the final decree. Nothing said herein is to be construed to be res adjudicata as to any application for change of custody.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ„ concur.