281 So.2d 359 (1973)
Margaret Jane SMOTHERS, Nee Moore, Petitioner,
v.
Jerry T. SMOTHERS, Respondent.
No. 42192.
Supreme Court of Florida.
July 31, 1973.
J. Russell Hornsby, Orlando, for petitioner.
Donald P. Ewald, Gierach & Ewald, Orlando, for respondent.
CARLTON, Chief Justice.
Our jurisdiction in this cause is dependent upon a direct conflict between the decision of the District Court of Appeal sub judice, 257 So.2d 591, and another decision of a District Court or of this Court. Article V, Section 3(b)(3), Florida Constitution, F.S.A. We issued a writ of certiorari in this cause because of an apparent conflict indicated in the record proper. See Foley v. Weaver Drugs, 177 So.2d 221 (Fla. 1965). After having been briefed on the merits of the cause by the parties, however, and after considering the entire record, we find that there is no conflict. *360 We, therefore, discharge the writ as having been improvidently granted.
The only part of the record proper accompanying the petition for writ of certiorari was the per curiam affirmance of the District Court of Appeal, Fourth District, and the dissenting opinion of Judge Mager. The facts recited in the dissenting opinion indicated that in this action for modification of child custody the trial court removed three minor children from custody of the divorced wife, and awarded custody of them to the divorced husband, solely because of adultery on the part of the mother. The apparent conflict was with Widett v. Widett, 88 So.2d 769 (Fla. 1956), cited in the dissent, and with McAnespie v. McAnespie, 200 So.2d 606 (2d Fla.App. 1967). The effective holding of these cases is that adultery on the part of a mother  in and of itself  will not necessarily disqualify her to have custody of her children.
We adhere to that holding. An isolated act of adultery, or even frequent ones, may have no bearing whatsoever on the welfare and upbringing of the children. If, therefore, this case involved only a sexual involvement between petitioner and the third party, Roger Moore, there would be conflict with the above-cited cases and we would reverse. This case involves more that that, however.
The trial judge stated that the central issue was petitioner's "relationship with Moore," not just her sex life with him. The record reveals that the relationship involved more than an occasional rendezvous, with the children sent off to grandma's house. In fact, Moore practically lived with petitioner and her children on a permanent basis since some time even before the divorce was final. The sexual relationship was carried on under the same roof as lived petitioner's three minor children. The welfare and upbringing of the children may very well have been adversely affected by the permanent presence of this strange man living with their mother as a husband but without having conformed to society's legal and moral rules.
In addition, the record reveals other aspects of petitioner's relationship with Moore which might have influenced the trial judge: the fact that Moore frequently physically disciplined the children to whom he was neither father nor step-father; temperamental outbursts by Moore on occasions when respondent stopped by to see his children; and arguments over visitation rights between petitioner and respondent. Also considered by the judge were petitioner's responsibility for the situation just described, her attitude toward it, and the demeanor and personalities of all the parties involved.
Had the District Court overruled the trial court, it would have been substituting its judgment for that of the trial judge. We would be doing the same if we reversed the District Court. We could not reverse, however, even if we were so inclined. The presence in the record of other factors than a mere act of adultery distinguishes this case from those with which we thought there was conflict.
The writ is discharged.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.