299 So.2d 162 (1974)
Gloria Marion NILES, Appellant,
v.
Donald Milton NILES, Appellee.
No. 73-730.
District Court of Appeal of Florida, Second District.
September 4, 1974.
Gerald R. Herms, Tampa, for appellant.
Horace A. Knowlton, III, of Hughes & Knowlton, Tampa, for appellee.
GRIMES, Judge.
Appellant appeals a post-dissolution order which changed the custody of her two minor children from herself to appellee. Appellant, a white woman, asserts that she was improperly deprived of her custody rights by reason of her impending marriage to a black man.
From a study of the record we do not believe it can fairly be said that appellant lost her children solely because of her proposed interracial marriage. The evidence shows that on a number of occasions following the dissolution, men have spent the night in appellant's apartment while the children were present. Moreover, appellant has suffered from emotional instability as reflected by the fact that she was hospitalized with a nervous breakdown. Testimony indicates that the conduct of the children has changed for the worse in recent months. The circuit court counsellor recommended that custody of the children be awarded to appellee because appellant had "chosen for herself, and therefore for herself and the children, a life style unacceptable to the father of the children and the society in which we live."
In change-of-custody cases the welfare of the children is always of paramount concern. Jayne v. Dennison, Fla. App.2d 1973, 284 So.2d 237; Bolton v. Gordon, Fla.App.4th 1967, 201 So.2d 754. The effect of an interracial marriage upon a particular child is but one of many factors *163 which may be considered in determining the person in whose custody the child's best interest would be served. The trial judge has broad discretion in making the determination. Johns v. Johns, Fla.App.2d 1959, 108 So.2d 784. Since there is competent substantial evidence of changed circumstances which would support the order changing custody, this order is
Affirmed.
HOBSON, A.C.J., and McNULTY, J., concur.