305 So.2d 92 (1974)
Joyce D. YOUNG, Appellant,
v.
Charles Allen YOUNG, Appellee.
No. U-20.
District Court of Appeal of Florida, First District.
October 8, 1974.
*93 Tracy Danese, Jacksonville, for appellant.
Sidney E. Lewis, Goldman, Presser, Lewis & Nussbaum, Jacksonville, for appellee.
BOYER, Judge.
Appellant takes this appeal to review an order of the Circuit Judge by which he modified a final judgment of dissolution of marriage by removing custody of the children of the parties from the mother and vesting custody in the father. In the order appealed the able trial judge made the following pertinent findings:
"The Wife candidly testified before the Court of her love for a married man (who was separated from his wife). The Wife further testified that said lover spent some nights in her home, sleeping in her bedroom and of their having sexual relations in said home, although the minor children were present in the home. The Wife further testified that on occasion, sexual relations arose spontaneously because of her love for him, and that she hoped to marry this man upon his attaining his freedom from his present wife. The Wife further testified that she attempted to be discreet in her relationship with her lover.
"Both parties agreed for the Court to speak privately with the oldest of the two minor children, to wit: Charles Allen Young, III, who is approximately 8 years of age, and agreed for said conference to be out of the presence of counsel and the parties and requested that no transcript be made of said child's statements. At the request of said parties, the Court spoke with the said minor child, among other matters, to assist the Court in determining the extent of said child's knowledge of the conditions in the home and other places, and to apprize the Court of the children's well being. From the evidence and from the said child's conference, the Court found that Charles Allen Young, III, was a bright, intelligent young boy who was fully apprized of his mother and the other man spending nights in the same bedroom sleeping in the same bed, and such conditions existing in the home and elsewhere. The Court further found that his scholastic ability was excellent.
"That the Wife, Joyce D. Young, failed to provide a fit and proper moral atmosphere and home for the minor children of the parties, and that the welfare of the minor children would best be served by being in the custody of the father, who is a fit and proper person to have said custody.
"The Court being apprized that the mores and customs in regard to sexual behaviour between unmarried adults where minor children resided have allegedly now become commonplace, fails to find that such alleged mores and customs and alleged common practice thereof, is conducive to the moral and spiritual well being, or proper for the welfare of the minor children. The Court further finds that the Wife allowed her love for a man to diminish her fitness as a mother to her minor children, and the Wife is not a fit and proper person at this time to have the care, custody and control of the minor children."
Based upon those findings the final judgment which had been theretofore entered was modified and the permanent care, custody and control of the minor children was awarded to the husband, appellee.
We affirm on authority of Johnson v. Johnson, Fla.App. 1st 1974, 293 So.2d 770 *94 and Dinkel v. Dinkel, Fla.App. 1st 1974, 305 So.2d 90 and the cases therein cited.
However, notwithstanding the appellant's conduct which clearly gave rise to the modification proceedings and notwithstanding the entry of the order of modification here appealed, the trial court awarded attorney's fees to the appellant's attorney, requiring the appellee to pay same. In so doing, under the circumstances of this case, he abused his discretion and erred. Unquestionably the appellant's attorney was entitled to compensation but not at the expense of appellee. We accordingly, as to attorney's fees, reverse.
Appellant has filed herein a Petition for Attorney's Fees incident to this appeal. That petition is denied. The appellee has failed to file such a petition, accordingly there is no vehicle by which we might consider attorney's fees for the prevailing party incident to this appeal. However, appellee is entitled to have such costs as shall have been incurred incident to this appeal taxed by appropriate proceedings in the trial court.
The order appealed is therefore
Affirmed in part and reversed in part.
SPECTOR, Acting C.J., and JOHNSON, J., concur.