305 So.2d 90 (1974)
Darrell G. DINKEL, Appellant,
v.
Linda A. DINKEL, Appellee.
No. U-128.
District Court of Appeal of Florida, First District.
October 3, 1974.
As Amended on Denial of Rehearing December 31, 1974.
*91 D. Michael Chesser, Fort Walton Beach, for appellant.
James W. Grimsley, Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellee.
BOYER, Judge.
By this appeal appellant seeks review of an adverse ruling in the Circuit Court in a custody matter emanating from a dissolution proceeding. The wife instituted the proceeding and respondent answered, admitting that the marriage was irretrievably broken, counter-claiming for custody of the three year old child of the parties, Jeffrey John Dinkel. All property matters were resolved by stipulation, leaving child custody as the issue to be resolved. The trial court resolved that issue in favor of the wife mother. We reverse.
The appellee blatantly admitted, almost bragged, that she repeatedly had sexual intercourse with a man to whom she was not married, while she was yet married to appellant and while the subject child was present. Under such circumstances she cannot be said to be a fit and proper custodian of the child. Although our Supreme Court has repeatedly held that adultery alone does not render a parent unfit, very unusual circumstances would be required in order to justify a finding that it would be for the best interest *92 of a minor child to be placed in the custody of such an adulterous parent who commits the adultery in the presence of the child. Certainly such unusual circumstances do not exist in the case sub judice. A female parent who commits adultery in the presence of her child can hardly be called a "mother" in the traditional American sense.
The best interest of the child is the polestar of our law of custody as between competing parents. (Brust v. Brust, Fla.App. 1st 1972, 266 So.2d 400; Green v. Green, Fla.App. 1st 1971, 254 So.2d 860) In the case sub judice the child's father, appellant here, was demonstrated to be a capable, devoted, attentive and fit parent. He has changed as many diapers, served as many meals and given as many baths as has appellee. The statutory law of Florida specifically provides that the father of a child shall be given the same consideration as the mother in determining custody. (F.S. 61.13(2))
In Brust v. Brust, supra, we said:
"* * * Appellee is a loving father and spends a great deal of time with his boys; the father oftentimes bathes, dresses and feeds the boys and puts them to bed; * * *
`* * * The defendant, their father, has displayed a greater degree of interest in the rearing of his sons than fathers generally do, and has participated personally in their physical care to a greater extent than fathers are wont to participate, manifestly enjoying the function of being a father. He has a knack for combining love for his children with a proper degree of necessary discipline. Both the mother and the father work outside the home for pay. The father has developed a concrete and workable plan for the supervision and care of the children during the several hours each school day after school lets out before he arrives home to take care of them himself * * *'" (266 So.2d at page 401)
The above quote fits like a glove the facts in the case sub judice. Further, appellant has arranged for a working schedule which will permit him to continue to be a father in every sense of the word and a proper custodian of his child.
Reversed and remanded with directions that the final judgment be modified by awarding custody of the minor child of the parties to appellant.
Appellee has filed herein a motion for attorney's fees. That motion is denied.
SPECTOR, Acting C.J., and McCORD, J., concur.