BOYER, Chief Judge.
This appeal emanates from a final judgment in a dissolution of marriage proceeding by which custody of the parties’ three-year-old minor child was awarded to its father, appellee here. In the final judgment, the able and experienced trial judge *143 cited two cases from this court, Dinkel v. Dinkel, Fla.App. 1st 1974, 305 So.2d 90 and Young v. Young, Fla.App. 1st 1974, 305 So.2d 92, stating: “The language in Young is particularly applicable.”
Appellant first urges that quashal of our Dinkel decision by the Supreme Court of Florida (Dinkel v. Dinkel, Sup.Ct. Fla.1975, 322 So.2d 22) necessitates a remand of this case for reconsideration by the trial judge in light of the Supreme Court’s opinion in Dinkel, citing as authority Dean v. Deas, Sup.Ct.Fla.1959, 116 So. 2d 23. Our examination of the latter case reveals that although it is authority for remand when the rule of law relied upon by the trial court is subsequently reversed, it does not necessitate such a result when the conclusion in the final judgment of the trial court being reviewed is consistent with the principles announced by the Supreme Court in its opinion by which the case cited by the trial court is reversed. The case sub judice is a perfect example:
In the final judgment here appealed the trial judge recited: “The Court finds that the respondent-wife is not a fit and proper person to have the custody of the minor child.” The subsequent provision in the final judgment awarding custody of the child to its father, appellee, necessarily implies that the trial judge not only found appellant not to be a fit and proper person to have custody of her minor child but also that it was for the best interest of the child for custody to be vested in appellee.
In the Supreme Court’s Dinkel opinion that court justified its jurisdiction upon the stated basis that this Court’s opinion conflicted “ * * * with the myriad cases setting forth the rule that in the absence of a clear showing of abuse of discretion, the decision of the trial judge in a child custody case will not be reversed.” It further said:
“In any child custody proceeding, the welfare of the child is the prime consideration. * * * ”
“ * * * Whether the adultery has a direct bearing on the welfare of the child is a question for the trier of fact. * * * ”
ifc ‡ ‡ i}c
“Where the trier of fact reaches the conclusion that the adulterous conduct adversely affects the child, the scales are tipped against the award of custody to the adulterous spouse. * * * ”
* * * * * *
“It is the function of the trial judge in a child custody proceeding to determine what is in the best interests of the child. An appellate court should not reverse the trial judge’s findings absent a showing of abuse of discretion. * * * ”
No abuse of discretion has been shown. Neither we nor the Supreme Court are legally authorized to substitute our opinion for that of the trial judge.
AFFIRMED.
The appellee, husband, has timely moved for an award of attorney’s fees incident to this appeal pursuant to Rule 3.16(e), FAR. That motion is not frivolous but it is denied.
RAWLS, J., and WARREN, LAMAR, Associate Judge, concur.