365 So.2d 185 (1978)
Carol ROSENBERG, Appellant,
v.
Leonard ROSENBERG, Appellee.
Nos. 77-2246, 78-41 and 78-149.
District Court of Appeal of Florida, Third District.
November 28, 1978.
Rehearing Denied January 3, 1979.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik and Paul A. Louis, Goodhart & Rosner, Miami, for appellant.
Hirschhorn & Freeman and Joel Hirschhorn, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
This is the consolidation of an appeal by the wife from a final judgment, changing permanent custody of the parties' ten-year-old child from the mother to the father, and an interlocutory appeal and cross-interlocutory appeal by the wife and husband, respectively, from an order denying motions by both parties for attorneys' fees and costs. The trial judge's order of change in custody reads, in part, as follows:
* * * * * *
"THIS CAUSE having come on before me, upon the Petitioner-Father's Motion for Change of Custody, and the Court having conducted six lengthy hearings herein during which time testimony was taken from the respective parties, their nine-year-old son, the parties' respective witnesses, and the court-appointed psychiatrist, and the Court having received numerous exhibits in evidence and having heard argument of counsel and being otherwise fully advised in the premises, the Court makes and enters the following:

*186 "FINDINGS OF FACT
"1. For the reasons stated with more particularity in the transcript of the proceedings herein on September 15, 1977,"[[1]] "the Court finds that:
"a) There has been a significant change in the parties' respective circumstances with respect to the issue of who shall be primary custodian of the parties' minor child, ADAM ROSENBERG, since June, 1976 (the time when the Property Settlement Agreement entered into between the parties was ratified by this Court), and the present, and
"b) The child, ADAM ROSENBERG, will be able to live in a more stable, structured, ordered and familiar environment if he is in the primary custody of the father, LEONARD ROSENBERG, in Dade County, Florida, and
"c) The best interests of the child in attempting to achieve a more stable, and familiar environment and setting for the child will be met by awarding primary custody of ADAM ROSENBERG to his father, LEONARD ROSENBERG, the Petitioner herein.
"2. The Mother should be entitled to liberal visitation rights with the minor child; the child should have a considerable amount of access to the maternal grandparents.
"3. The parties hereto, LEONARD ROSENBERG and CAROL ROSENBERG, and the maternal grandparents, EVELYN PHILLIPS and MARTIN PHILLIPS, should be proscribed from trying to change the child's mind or otherwise influence him with respect to who shall be the primary custodian of the child, and, further, the parties and the maternal grandparents should not seek to interfere with the natural love and affection the child has for both his parents and the maternal grandparents."
* * * * * *
The record supports the trial judge's finding that it was in the best interests of the child (in an effort to achieve a more stable environment) that the father have custody. This is amply demonstrated by the nomad type of existence the boy endured while he was in the custody of his mother. What, in fact, the trial judge has done is to return the child to the familiar and orderly environment in which he had spent the better portion of his life. In re Gregory, 313 So.2d 735 (Fla. 1975); Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Spradley v. Spradley, 335 So.2d 822 (Fla. 1976).
Both parties have preserved points on appeal going to attorneys' fees and costs, the trial court having required each of them to bear their own costs. We find no abuse of discretion in his rulings, and therefore, they will be affirmed. Colbath v. Colbath, 268 So.2d 361 (Fla. 1972); Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976); Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977).
For the reasons above stated, the order under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] * * * * *
"THE COURT: Sir, that child stays here. That child stays here because every one of the professionals who have examined him has reported that he lacks stability. He needs stability. I feel and I find, as a matter of fact in this case, that the stability that that child needs is going to be better provided by Mr. Rosenberg, as well as by Mr. and Mrs. Phillips, the maternal grandparents.
* * * * * *
"As far as Mrs. Rosenberg, I think that is probably true for her. I think her problem is probably immaturity and she is working it out in her own fashion. She is entitled to do so, but not in a way that will harm the boy."
* * * * * *
Mrs. Rosenberg is living with someone who is not her husband. I am impressed by the fact that they have absolutely no plans to formalize their relationship. They may break up at any time as they have in the past. I think that is destructive to the child's well-being.
* * * * * *
"Neither one of them is an absolutely perfect parent. Both of them are very caring and intelligent people. I sincerely hope that they each make a decent life for themselves. I do not intend the child to be shifted around anymore. He stays here."
* * * * * *