393 So.2d 19 (1980)
William H. BEAMAN, Appellant,
v.
Marilyn A. BEAMAN, Appellee.
No. 80-946.
District Court of Appeal of Florida, Third District.
December 23, 1980.
Rehearing Denied February 17, 1981.
*20 Charles J. Crowder, South Miami, for appellant.
Don R. Livingstone, South Miami, for appellee.
Before HUBBART, C.J., and HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN, Retired, Associate Judge.
William H. Beaman, the former husband, appeals a final judgment dissolving his marriage of 21 years to Marilyn A. Beaman. The husband was the petitioner in the trial court and the points on appeal claim error in the financial provisions of the judgment, except for one provision in the award to the husband of visitation rights with the minor children which is discussed below. We affirm the judgment except as to the provision requiring the husband to maintain a life insurance policy with the wife to be the irrevocable beneficiary, and except as to a limitation upon visitation rights.
The judgment provides:
"The husband shall maintain in full force and effect, and at his own expense, that certain Ten Thousand Dollars ($10,000.00) life insurance policy presently in effect upon his own life, naming the wife irrevocable beneficiary thereon."
We reverse that part of the judgment, as it would appear to be an attempt by the trial court to provide alimony after death without evidence of need by the wife. See Dutton v. Dutton, 379 So.2d 111 (Fla.3d DCA 1979) and cases cited therein at page 112.
The judgment grants the custody of the three minor children of the parties to the wife with: "... reasonable visitation granted to the husband, provided that no act of immorality shall occur during such visitation at the residence of the husband". We hold that this limitation on visitation is overly broad and so uncertain as to be incapable of enforcement. The definition of "act of immorality" varies so greatly from culture to culture and from person to person that it could only be enforced upon the innate moral standards of the sitting judge. See Hackley, II v. Hackley, 380 So.2d 446 (Fla.5th DCA 1979).
There is no doubt that the limitation was placed in the judgment because of a commendable desire on the part of the trial judge to protect the children from a possible unwholesome and improper exposure to conditions which might be damaging to them. We reject the limitation because it might result in a prejudgment of the situation which the trial judge felt might develop. In addition, it is established law that custody and visitation rights may be changed whenever it is shown that children are exposed to situations which are potentially damaging to them. See Rosenberg v. Rosenberg, 365 So.2d 185 (Fla.3d DCA 1978), Young v. Young, 305 So.2d 92 (Fla.1st DCA 1974) and Niles v. Niles, 299 So.2d 162 (Fla.2d DCA 1974). As written the limitation would require such a hearing in order for it to be enforced.
Appellant's remaining points on appeal do not present reversible error under the holdings in Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), and Storer v. Storer, 353 So.2d 152 (Fla.3d DCA 1978).
Accordingly, the final judgment is amended by striking therefrom the paragraph (above quoted) providing for the maintenance of a life insurance policy and by striking therefrom the limitation upon the husband's visitation rights (above quoted). As amended, the final judgment is affirmed.
Affirmed.