414 So.2d 37 (1982)
Robert J. BRUSH, Appellant,
v.
Dulce S. BRUSH n/k/a Dulce Sabat, Appellee.
No. 81-1972.
District Court of Appeal of Florida, Third District.
May 25, 1982.
*38 Jerome Bill Ullman, Miami, for appellant.
Levine, Reckson, Reed & Geiger and Elizabeth Bohn Garbett, Miami, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
PER CURIAM.
The husband appeals from a final summary judgment denying his petition for modification of custody.
To warrant the modification of a child custody award, there must be evidence that there is a substantial change in the condition of the parties and that the best interest of the child would be promoted by the change in custody. Adams v. Adams, 385 So.2d 688 (Fla. 3d DCA 1980); Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980). Factors to consider in making this determination include (but are not limited to) the stability of the living environment, Rosenberg v. Rosenberg, 365 So.2d 185 (Fla. 3d DCA), cert. denied, 376 So.2d 75 (Fla. 1979), cohabitation of the custodial parent, Smothers v. Smothers, 281 So.2d 359 (Fla. 1973); Young v. Young, 305 So.2d 92 (Fla. 1st DCA 1974), and the preference of the child, Taylor v. Schilt, 292 So.2d 47 (Fla. 2d DCA 1974); Goldstein v. Goldstein, 264 So.2d 49 (Fla. 3d DCA 1972). Because we find that there are genuine issues of material fact with respect to these considerations, the summary judgment must be reversed.
We caution that summary judgments should be granted sparingly upon petitions for modification of custody because of the inherent factual disputes prevalent in such proceedings.
Reversed and remanded.