470 So.2d 735 (1985)
Barbara H. HADLEY, f/k/a Barbara J. Cox, Appellant,
v.
Kenneth L. COX, Appellee.
No. 84-299.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
Rehearing Denied June 11, 1985.
*736 Charles Holcomb, of Holcomb, Theriac, Amari & Roberts, Merritt Island, for appellant.
James R. Dressler, Cocoa Beach, for appellee.
SHARP, Judge.
Barbara Hadley, formerly Barbara Cox, appeals from the trial court's denial of her petition to modify the primary custody of the parties' five year old daughter, Kimberly, and from its grant of the former husband's (Kenneth Cox's) petition to modify the final judgment of dissolution by restricting visitation with her outside the Cypress Cove Nudist Camp. We affirm the denial of change of custody on the grounds that the trial court must be accorded broad discretion in such matters.[1] However, we reverse the modification limiting Hadley's visitation rights with Kimberly because the evidence proffered by Cox at the modification hearing was patently insufficient.
The marriage of the parties was dissolved by a final judgment dated May 16, 1983. At the five day non-jury trial, the custody of Kimberly was the primary issue. Barbara testified she planned to marry Dean Hadley as soon as possible. The couple planned to live in Cypress Cove, a nudist camp, where Hadley is part owner and manager. Barbara further testified that Kimberly would be well cared for in her new home. Considerable testimony from psychiatrists, a local minister, and inhabitants of the park was presented concerning whether the park was a suitable place to raise children. No adverse testimony about the park was presented.
In its final judgment, the trial court awarded custody of Kimberly to the husband and carefully spelled out the times and circumstances of Barbara's visitation with Kimberly. However, there were no limitations or conditions in the order concerning Kimberly's visitation with Barbara at her home in the nudist park.
Subsequently, Cox filed a petition to modify the final decree to forbid visitation in the park. Barbara filed a counter-petition to modify custody, based on her remarriage and establishment of a stable family environment. She also filed a motion to hold Cox in contempt for denying her visitation with Kimberly.
A hearing on the contempt matter was scheduled in August of 1983. That hearing was not reported. The court refused to hold Cox in contempt, but restricted Barbara's visitation to places outside the nudist park, "until this court has had a final hearing on the respondent's [Cox's] petition to modify the final judgment... ."
The trial court set both petitions for modification for trial in January of 1984. Both parties agreed in their pretrial statements, and before the court at the hearing, that they would address the issues raised by both petitions. Barbara and others testified extensively concerning Cox's bizarre behavior when she picked up Kimberly, including his noncooperation in carrying out the court's order as to visitation.
She also testified concerning her stable home life with Dean which she hoped that Kimberly would share, including the park's beneficial atmosphere. The granting of the husband's petition, according to Barbara, would put a financial burden on her, as well as substantially restrict her ability to visit normally with Kimberly.
In contrast, Cox offered no witnesses or evidence that Kimberly's visitations with *737 her mother in the park, following their dissolution and Barbara's remarriage, were detrimental or harmful to the child. Hackley v. Hackley, 380 So.2d 446 (Fla. 5th DCA 1979). In fact, prior to their dissolution, they, together with Kimberly, used to go to the park as a family. The sole testimony on this point at the modification hearing came from Cox and consisted of the following:
Q. (BY MR. WHITE) Mr. Cox, why do you want to restrict the visitation of Kimberly inside the Cypress Cove Nudist Camp, or any other nudist camp?
A. [MR. COX] Kimberly is a very bright, outgoing child. She lives in an environment where she has friends at school, she has friends that live in the immediate neighborhood, she has friends at her church, and I believe, and I have seen evidence where, when she starts to talk of things that take place in Cypress Cove, she's been made a point of ridicule. She is a five year old girl. That ridicule cannot be reduced as she grows older. I believe it will increase until she gets old enough to start to understand some of the things. Anything she sees unusual, or she thinks other kids will be interested in talking about, she will talk about it. She is a leader, she is very vocal, and she will talk about anything that she sees that is unusual or abnormal, and I have received information, and daily reports from the school of subjects of her conversation 
* * * * * *
THE WITNESS [MR. COX CONTINUING]: Kimberly's activities in school include ballet, tap dancing  she is in a pre-school program and it's a very good program, she can speak certain words of Spanish and French, such as counting, and colors. She is very, very well adjusted in her present situation, and I think having a major change in environment and sticking her into a nudist camp every couple of weeks has to be detrimental. It is not something that she can communicate with her friends. There is no way that communication can be terminated or ceased. You can't tell her don't talk about seeing naked guys walking around, don't talk about what a boy looks like when he is undressed. You can't tell a five year old girl not to talk about things like that with friends. If she has seen it, she's going to talk about it.
The reaction of other children, or Kimberly's tendency to talk about her experiences at the park, do not appear to us a sufficient basis upon which to modify the final decree. Further, the husband did not testify that these claimed adverse effects of Kimberly's visits occurred after the final judgment was entered. He carried the burden of proof on both issues. Lauffer v. Averbuch, 464 So.2d 595 (Fla. 5th DCA 1985); Johnston v. Boram, 386 So.2d 1230 (Fla. 5th DCA 1980); Hackley. Because we do not think the record established a potentially harmful or detrimental situation to the child[2] arising after the final judgment, there exists no justification for the trial court's modification which restricted Kimberly's visitation at Barbara's home.[3]
Cox argues we should affirm the lower court because there might have been testimony the court relied on at the contempt hearing, which was not reported. Although we recognize appellant's burden of supplying an adequate record, we are reluctant to rule that an attorney must have every hearing reported at his peril, regardless of what issues are noticed for consideration. The trial court's order on the contempt motion specifically reserved the modification issues for determination at the final hearing, and the contempt hearing gave no notice that issues relating to the final hearing would be presented.
Under the circumstances of this case, there is no infirmity occasioned by a party *738 in failing to supply a record transcript of a hearing having no bearing on the matters being appealed. Compare Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1984) (no transcript of hearing on final judgment of dissolution on appeal from that judgment) and Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980) (no transcript of hearing on order appealed).
Accordingly, the judgment appealed is affirmed in part but the restriction on visitation in Cypress Cove or any other nudist colony is stricken.
AFFIRMED IN PART AND REMANDED IN PART.
COBB, C.J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] It is well settled that "To warrant modification of a custody award, there must be competent, substantial evidence that (1) there has been a substantial or material change in the condition of the parties and (2) the best welfare of the child will be promoted by the change in custody." Stricklin v. Stricklin, 383 So.2d 1183, 1184 (Fla. 5th DCA 1980) (emphasis court's); Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984); McGregor v. McGregor, 418 So.2d 1073 (Fla. 5th DCA 1982). In this case, the wife did not carry this "extraordinary burden." McGregor, 418 So.2d at 1074.
[2] Cf., Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982); Niles v. Niles, 299 So.2d 162 (Fla. 2d DCA 1974).
[3] Johnston v. Boram, 386 So.2d 1230 (Fla. 5th DCA 1980).