483 So.2d 87 (1986)
Tammy Sue WALDEN, Appellant,
v.
James Carlton WALDEN, Appellee.
No. BJ-49.
District Court of Appeal of Florida, First District.
February 7, 1986.
Bill A. Corbin, Blountstown, for appellant.
J. Davis House of McClellan & House, Blountstown, for appellee.
ZEHMER, Judge.
We reverse the appealed order changing custody of the minor child from the mother to the father. The mother had custody pursuant to an agreement by the parties which was approved in the final judgment of dissolution. The sole ground for modification asserted in the father's petition alleged:
Since the entry of the Final Judgment of Dissolution of Marriage there has been a substantial change of circumstances effecting [sic] the minor child, in that the Respondent, Tammy Sue Walden, has been living in an unfit and adulterous environment that is detrimental to the health, safety and well-being of the minor child.
We decline to recite the sordid charges and counter charges vindictively hurled at each other by this formerly married couple. Suffice it to say that the record is completely devoid of any competent and substantial evidence proving the allegations that the mother's conduct has adversely affected the minor child. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). While the father has attempted to discuss his charges against the mother with the minor child, the record reflects that the mother has managed to insulate the child from any knowledge of thse events.
The other issues raised on appeal may be treated summarily. Whether the wife should have received attorney's fees at trial is remanded for redetermination in light of this decision. The trial court's refusal to hold the father in contempt for failure to pay medical expenses for the minor child is affirmed since the record reveals he was never presented with the contested bills. Since the mother's request for increased child support was never reached by the trial court, that issue should be determined on remand.
It is distressing that these parties have engaged so long in venting their personal vendettas rather than concentrating on what is in the best interest of their child. We strongly suggest that they now put aside their vindictiveness and follow the *88 recommendation contained in the HRS home study report:
Regarding the child, we were very concerned about the effect the parents' divorce and continuing power struggle seems to have had on him. This young child seems to have very close, loving relationships with both his parents, and, like most children, probably wishes they were still together. However, he was only three years old when they divorced, and it seems he should have made a better adjustment to the situation in two years. We are very concerned that the parents seem to be continuing a pattern of trying to hurt each other, especially because the child is caught in the middle and seems to be the one being hurt the most. It is felt that the parents might benefit from counselling to help them learn to look at the child's needs and put away their hostility toward each other.
We were unable to substantiate most of the allegations, except those admitted by the parents. The most relevant allegations, that the child was being neglected by the mother, have already been thoroughly explored by HRS Intake and Protective Services and determined to be unfounded. Though the child does not seem to have fully adjusted to the parents' divorce, this does not seem to be any more the fault of the mother than of the father. While her situation is not ideal, and she has admittedly made some mistakes in the past, the mother seems to have provided adequately for her child. It is not felt that moving him at this time would be in his best interest.
It is, therefore, respectfully recommended that custody of Christopher Walden remain with the mother, with regular, liberal visitation rights continuing to be given to the father. It is also recommended that, if the Court feels it is appropriate, the parents be encouraged to seek counselling to help them learn to deal with their feelings toward each other so they can begin to focus on their child's needs.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON and BARFIELD, JJ., concur.