BOOTH, Chief Judge,
concurring in part and dissenting in part:
I must dissent from the majority opinion, as it appears that the trial judge’s ruling to award primary physical residence of the four-year-old child to the father is based on matters which are not of record and which are not proved below. Further, the evidence presented and the current state of the law on the record here should require the award of custody of the minor child to the mother in view of the evidence of physical abuse committed by the father against the mother. § 61.13(2)(b)2, Fla.Stat. On the other hand, the evidence showed the mother to be a fit parent, and indeed, the trial court did not find the mother unfit. The transcript of the final hearing reveals, however, that the trial court placed great emphasis on what was suggested to have been an illicit relationship between the mother of the child and her employer, one Johnny Howell, and on matters not of record concerning Mr. Howell.
The trial court may properly consider an extramarital relationship involving one of the parents of the child as a basis for denial of custody when there is evidence that the relationship has an adverse effect upon the child. That rule was stated in Walden v. Walden, 483 So.2d 87 (Fla. 1st DCA 1986). However, the trial court is not allowed to base its decision on information available only to the court but not to the parties and not found in evidence in the case. In re Brown, 246 So.2d 166 (Fla. 3d DCA 1971).