491 So.2d 617 (1986)
Patricia Lynn NICHOLS, Appellant/Cross-Appellee,
v.
Willie Frank NICHOLS, Appellee/Cross-Appellant.
No. BF-397.
District Court of Appeal of Florida, First District.
July 25, 1986.
Carol S. Haughwout of Fonvielle & Hinkle, Tallahassee, for appellant/cross-appellee.
Dale E. Rice, Crestview, for appellee/cross-appellant.
PER CURIAM.
This cause is before us on appeal and cross appeal from an order modifying a final judgment of dissolution.
We reverse the trial court's decision enjoining the wife from having an adult male spend the night in her home when the minor child is in the home, and affirm the other four issues.
*618 A review of the entire record reflects that it is completely devoid of any competent and substantial evidence proving the allegations that the mother's conduct has adversely affected the minor child. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Walden v. Walden, 483 So.2d 87 (Fla. 1st DCA 1986.)
Additionally, in Miller v. Miller, 423 So.2d 638 (Fla. 4th DCA 1982), the court addressed an amended final judgment awarding custody of a minor child to the father "as long as [the father] is unmarried and has no sleep-over or live-in friends." The Fourth District held that "[b]ecause restrictions of this nature impact upon the private life of the custodial parent, they will be sustained only if the record contains competent, substantial evidence to demonstrate that they are required to safeguard the best interests of the child." Id. at 640.
In this case, there is no evidence that the mother's overnight company has a direct bearing on the welfare of the child. Accordingly, we affirm in part and reverse in part.
BOOTH, C.J., and SMITH and WENTWORTH, JJ., concur.