493 So.2d 530 (1986)
Barbara Lynn COMMANDER, Appellant,
v.
Timothy Ray COMMANDER, Appellee.
No. BM-223.
District Court of Appeal of Florida, First District.
September 3, 1986.
Rehearing Denied September 29, 1986.
*531 Warren R. Ross, of Northwest Florida Legal Services, Inc., Pensacola, for appellant.
Ted A. Stokes, Milton, for appellee.
NIMMONS, Judge.
Appellant, the former wife, appeals from an order denying her "Motion To Specify Visitation Rights." We affirm.
After dissolution of the parties' marriage in March 1984, the appellant was given primary physical custody of the parties' three minor daughters. In September 1984, appellee, the former husband, moved for a modification of custody. Appellant defaulted and appellee was awarded primary physical custody of the children. The order of modification granted the appellant "reasonable visitation." In December 1985, the appellant moved for specification of visitation rights. Her motion was precipitated by the appellee's resistance to permitting overnight visitation at the appellant's place of residence.
At the hearing, it was shown that the appellant was living with a man out of wedlock and that she was carrying his child. She testified that they had no plans to marry. Appellant stated that the children would sleep in the bedroom and that she and her boyfriend would sleep on the living room sofa.
The appellee testified that he did not permit the children to visit at the appellant's residence because he considered the appellant's living arrangement detrimental to the children's welfare, but that he would not object to visitation under other circumstances such as at the maternal grandmother's home. However, the appellant insisted specifically upon the right to overnight visitation of the children in her residence.
The trial court denied the appellant's motion, finding that the proposed overnight visitation demanded by appellant would not be in the children's best interests because of her cohabitation with her boyfriend.
Appellant raises three issues, two of which merit only brief discussion. First, she argues that the lower court erred in denying the motion in its entirety without specifying any visitation rights. It is clear from the record that the appellant was specifically seeking overnight visitation *532 and was not requesting specification of alternative visitation. The court properly denied the motion. The wife has not been denied other reasonable visitation.
Second, the appellant argues that the court erred in admitting evidence of her failure to pay child support. The judge stated at least twice during the hearing that he was not considering the failure to pay child support as a ground for denying the appellant's motion. The error, if any, in admitting that evidence was harmless.
Finally, the appellant argues that the trial court erred in denying overnight visitation on the basis of her cohabitation with her boyfriend. This argument requires some discussion.
We believe the instant case is distinguishable from Walden v. Walden, 483 So.2d 87 (Fla.1st DCA 1986). There, this Court dealt with an order of the trial court which changed custody from the mother to the father. In the instant case, the trial court has not modified custody of the child. Also, the Walden court pointed out that "the mother has managed to insulate the child from any knowledge" of the mother's conduct. The opposite is true in the instant case.
Also, Dinkle v. Dinkle, 322 So.2d 22 (Fla. 1975), does not require reversal. There, the trial court, upon dissolution of the marriage, awarded custody of the parties' minor child to the mother despite the mother's adulterous relationship during the marriage with a fellow teacher. This Court reversed because of the demonstrated moral unfitness of the mother. Dinkle v. Dinkle, 305 So.2d 90 (Fla.1st DCA 1974). The Supreme Court quashed this Court's decision and reinstated the trial court's award of custody to the mother. The Supreme Court reiterated the principles that it is the trial court's function to determine what is in the best interests of the child and that an appellate court should not reverse the trial court's findings absent a showing of abuse of discretion. The Supreme Court also observed that it might have reached a conclusion different from the trial court were it sitting as trier of the fact.
Likewise, under the circumstances of the instant case, we would be engaging in a prohibited substitution of our judgment for the trial court's judgment were we to reverse. The trial judge was faced with a situation where the appellant insisted upon the right to place the three daughters  ages four, six and eight  in an overnight visitation situation in a residence where the appellant was cohabiting with a boyfriend, was pregnant by such boyfriend and was sleeping with him on a sofa in the living room while the children were present in the house. Contrary to what some may believe and contrary to what might be inferred from some of the case authorities, e.g. Hackley v. Hackley, 380 So.2d 446 (Fla.5th DCA 1979), the courts have not reached the level of impotency in protecting and preserving the institutions of marriage and the family that they are powerless to prevent impressionable young children from being thrust into the middle of a cohabitation living arrangement, such as in the case at bar, which would tend to foster the development of a distorted view by such children of acceptable norms of family life in our society. See Brush v. Brush, 414 So.2d 37 (Fla.3d DCA 1982) ("cohabitation of the custodial parent" held to be properly considered in the determination of a change of custody); Hackley, supra, at p. 448 (a "live-in arrangement" deemed a "negative factor" in the consideration of overnight visitation). See also Smothers v. Smothers, 281 So.2d 359 (Fla. 1973); Young v. Young, 305 So.2d 92 (Fla.1st DCA 1974).
We have also considered the notion that the subject order may be vulnerable because there has been no evidence that the visitation demanded by the appellant has adversely affected the children. Presumably, of course, no such evidence exists simply because such visitation has not been permitted. In any event, we do not believe a court must wait until there is a demonstrable adverse affect upon a child, as one might conclude from a cursory reading of Hackley, supra, Walden, supra, and Nichols *533 v. Nichols, 491 So.2d 617 (Fla.1st DCA 1986). Rather, we believe that a reasonably anticipated adverse effect on the child from exposure to a proposed situation or circumstance may be sufficient to support an order prohibiting such situation or circumstance. Beaman v. Beaman, 393 So.2d 19 (Fla.3d DCA 1981) ("potentially damaging" situations). Even in Hadley v. Cox, 470 So.2d 735 (Fla.5th DCA 1985), involving an unusual result wherein the Fifth District reversed the trial court's denial of visitation at the mother's nudist camp, the Fifth District nevertheless recognized the rule that "potential" harm, as opposed to actual harm, is all that is required to prohibit the situation. Id. at 737.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.