504 So.2d 1278 (1986)
Joyce Ann WILSON, Appellant,
v.
Donnie Kenneth WILSON, Appellee.
No. BH-56.
District Court of Appeal of Florida, First District.
December 3, 1986.
*1279 Stan Trappe, of Trappe & Dusseault, Panama City, for appellant.
Larry A. Bodiford, of Hutto, Nabors & Bodiford, Panama City, for appellee.
NIMMONS, Judge.
Appellant, the former wife, appeals from an order modifying the final judgment of dissolution by changing custody of the parties' younger daughter from the appellant to the appellee, the former husband. We affirm.
The final judgment of dissolution entered on October 18, 1984, awarded, in accordance with the parties' stipulation, custody of the 10 year-old daughter to the mother/appellant and custody of the 15 year-old daughter to the father/appellee. The parties also stipulated to the appellee's exclusive use of the marital home.
Two months after the final judgment of dissolution, appellee filed a motion seeking modification of the judgment by changing custody of the ten-year old daughter from appellant to appellee. The motion alleged that the appellant's personal lifestyle had become chaotic and was adversely affecting the child, that the appellant was causing the child emotional distress, and that the appellant was not encouraging the natural development of love, affection and respect between the child and the child's kindred.
A noncustodial parent seeking to change custody pursuant to a prior award must show a substantial change in circumstances since the former award and that such change in custody is in the best interests of the child. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). Indeed, it has been said that a noncustodial parent seeking a change of custody carries an "extraordinary burden." Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). At the same time, however, the decision of the trial court to modify a custody provision carries with it a presumption of correctness and it is incumbent upon the appellant to demonstrate that the order appealed is clearly erroneous. Baker v. Baker, 360 So.2d 19 (Fla. 4th DCA 1978).
The testimony in this case was, not surprisingly, in conflict. Appellee, however, is entitled to a view of the evidence in the light most favorable to him. Such evidence showed that, within a relatively short period after the final judgment, the younger daughter began experiencing emotional problems. She went from being a very outgoing, delightful child to a very despondent, quiet child by November or December, 1984. At a time when the daughter was especially vulnerable, and contrary to the advice of knowledgeable people  including her school counselor  appellant decided to transfer her daughter to another school at the end of the fall term because it was more convenient for appellant's work schedule. As a result, the daughter's emotional state, predictably, became even more acute. The evidence also showed that the appellant was living with her married boyfriend and appellant's daughter was resistant *1280 to returning to that living environment after visitation with her father.[1]
We are not dealing with a situation where the only evidence was that the custodial parent was living in an adulterous relationship with a married man although such has been recognized as at least a factor for the trial court to consider in determining the best interests of the child. Brush v. Brush, 414 So.2d 37 (Fla. 3d DCA 1982); Hackley v. Hackley, 380 So.2d 446 (Fla. 5th DCA 1979); Commander v. Commander, 493 So.2d 530 (Fla. 1st DCA 1986). We have the additional evidence referred to above regarding the deterioration in the child's emotional state coupled with the custodial parent's apparent insensitivity thereto.
Contrary to appellant's assertions, there is sufficient evidence to support a finding of a substantial change in circumstances since the original custody award and a finding that the change in custody was in the best interests of the child. Appellant has failed to demonstrate that the trial court's modification order constituted an abuse of discretion. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Commander v. Commander, supra.
Affirmed.
WILLIS, BEN C. (Ret.), Associate Judge, concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I respectfully dissent because the former husband's complaint, filed only two months after the dissolution order and after the parties mutually agreed on the custody of their children, appears on this record to be premature. No evidence was presented to show a detrimental impact on the younger daughter as a result of the custody arrangement, independent of the adjustments inherent in conditions of the initial order. Nor was there evidence of any detrimental effect on the daughter as a result of the one month period of time during which the former wife stayed in the home of a male friend. Cf., Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). The transcript of the final hearing, however, shows clearly that the trial court placed great emphasis on that residence without any indication that the former wife failed to provide for the well-being of her daughter.
I would reverse.
NOTES
[1] There was evidence that the appellant and her boyfriend intended to marry and that she moved out of her boyfriend's residence after a month because he had not yet obtained a divorce.