POLEN, J.
Pamela Osherow, the Former Wife, timely appeals after the trial court, on rehearing, modified the parties’ amended final judgment of dissolution of- marriage. The modification granted Former Husband Shepard Osherow sole custody and parental responsibility of the parties’ minor child. She also appeals from a nonfi-nal order denying her motion to vacate the amended final judgment, as well as from several other nonfinal orders. Former Husband appeals from a final order establishing Former Wife’s visitation schedule with the minor child. We have elected to treat Former Husband’s appeal as a cross-appeal, and affirm on all issues raised in both appeals.
The parties were divorced pursuant to a final judgment of dissolution of marriage on February 8, 1995. The final judgment incorporated the parties’ marital settlement agreement in which the parties agreed to have “joint custody” of their minor child.
Thereafter, Former Husband suspected Former Wife of abusing drugs. Although no proceedings were pending, in November, 1997, his attorney contacted Former Wife’s previous attorney in the divorce proceeding to arrange a meeting. Former Wife, her sister, and her former attorney later joined Former Husband, his fiancee, a psychologist, and three of his attorneys for the meeting.
At the meeting, Former Husband confronted Former Wife with evidence that she took pills and rifled through drawers in his bathroom. As a result of the meeting, both parties entered into an agreement to amend the final judgment. The amendment required Former Wife to undergo periodic drug testing upon twelve hours’ notice by Former Husband. The amendment further provided that, in the event Former Wife failed to comply with the drug testing, she would surrender sole parental responsibility and custody of the minor child to Former Husband. The court, pursuant to an agreed order, entered the amended final judgment.
Thereafter, Former Wife moved to set the amended final judgment aside pursuant to Florida Rule of Civil Procedure 1.540(b). She claimed that she entered into the agreement because of duress and extortion.
Also around this time, Former Husband filed a petition to modify the amended final judgment. He alleged there had been a substantial change in circumstances insofar as Former Wife was abusing prescription and/or illegal dugs. He requested sole parental custody and responsibility of the minor child.
Both Former Husband’s petition to modify and Former Wife’s rule 1.540 motion were tried together. At trial, there was evidence that, since entry of the final judgment, Former Wife abused drugs, forged prescriptions, and possibly stole drugs from people’s homes. There was also evidence that, only after Former Wife began this behavior, the child spoke of using drugs as an adult. Former Husband’s experts testified that based on the amount and type of medication she was consuming, as well as evidence that she forged prescriptions to self-medicate, Former Wife met the criteria of a substance abuser. They further opined that, based on the child’s statement regarding drug use and her overall demeanor as detailed by her therapist, Former Wife’s behavior posed a significant risk of detriment to the child.
Both sides also introduced conflicting evidence as to the events surrounding Former Wife’s signing of the agreement to *521 undergo drug testing. While Former Wife testified she signed the agreement out of duress and without representation by counsel, Former Husband testified that her testimony was untrue. He also testified that no one threatened to publicly expose any photographs or videotapes of her ingesting or stealing drugs. Former Wife’s former attorney testified that she discussed the terms of the agreement with Former Wife at the meeting and advised her not to sign it.
At the conclusion of trial, the court denied Former Husband’s petition. It found that while Former Wife was a substance abuser and had forged prescriptions since entry of the final judgment, there was no evidence that she continued to do so. Wfiiile it found that her behavior constituted a substantial change in circumstances, the court concluded that there was no detriment to the child.
It also denied Former Wife’s rule 1.540 motion. It found that Former Wife was represented by counsel at the meeting, intended to enter into the agreement voluntarily, and later changed her mind. Both parties moved for rehearing.
Before the court ruled on the motions, Former Wife filed a motion to set an evi-dentiary hearing to establish visitation with the child. The hearing was later set for December 7,1998.
Before the December 7 evidentiary hearing on visitation was held, the court held non-evidentiary hearings on the parties’ respective motions for rehearing. While the court denied Former Wife’s motion, it granted Former Husband’s. In giving Former Husband sole custody and parental responsibility, the court ruled that the risk that Former Wife’s behavior would eventually be detrimental to the child warranted a change in custody and parental responsibility. It ordered that Former Wife would be allowed visitation with the child pursuant to. a schedule as established either by the court or by agreement of the parties.
On November 3, 1998, in anticipation of the December 7 visitation hearing, Former Husband noticed Former Wife for psychological and psychiatric testing, and for a drug addiction evaluation. On November 12, 1998, he noticed her for a physical examination. Both notices alleged that Former Wife’s psychological and physical health was in controversy.
On November 13, 1998, Former Husband moved the court to shorten the time for the examinations in light of the upcoming visitation hearing. At a November 16, 1998 hearing on this motion, Former Husband argued to the court that the examinations were necessary to refute Former Wife’s anticipated testimony at the December 7,1998 hearing that she was drug-free. Former Wife responded that her thirty days to respond to Former Husband’s notices had not expired.
The court denied Former Husband’s motion to shorten the time for the examinations. He subsequently filed an amended motion to shorten the. time for the examinations. Thereafter, Former Wife filed objections to the notices of examinations. The court, however, did not hear either the amended motion or the objections prior to the December 7, 1998 visitation hearing.
At the December 7 hearing, Former Husband again asked the court for permission to have his two experts examine Former Wife. The court denied his request but allowed Former Wife, over Former Husband’s objection, to call her psychiatrist to testify. Her psychiatrist then testified that, while he had prescribed her various sleeping, anti-anxiety, and other medications, Former Wife was not addicted to nor under the influence of anything. He opined that Former Wife should be allowed to visit with and drive her child. Former Wife also presented other evidence that she was not addicted to any substances and that her faculties were never impaired when she was around her child.
*522 Former Husband presented the testimony of two experts who testified that Former Wife’s use of psychoactive medications was inappropriate. Because they had not examined Former Wife, however, the court would not let them testify as to whether they believed she had an addiction. Former Husband then testified that he witnessed Former Wife using cocaine, taking a razor blade, and rummaging through a third party’s bathroom. He testified that Former Wife’s lifestyle and behavior were inappropriate as a parent.
On December 12, 1998, the trial court ordered that Former Wife be given permanent, unsupervised visitation with the minor child. Both parties then appealed.

I.

Former Wife first argues that because it found no detriment to the child, the court erred in granting Former Husband’s petition to modify joint custody and shared parental responsibility. Generally, to justify modification of custody, the noncustodial parent bears the “extraordinary” burden of proving a substantial and material change in circumstances since entry of the original custody order. Bartolotta v. Bartolotta, 687 So.2d 1385, 1386 (Fla. 4th DCA) (citation omitted), rev. den., 697 So.2d 509 (Fla.1997). That parent must also show that modification would promote the children’s welfare. Id. (citation omitted). Moreover, if the court determines that shared parental responsibility would be detrimental to the children, it may order sole parental responsibility and place restrictions on visitation as will best protect the children from further harm. § 61.13(2)(b)2, Fla. Stat. (1997).
Under these principles, Former Wife asserts that the court’s finding, that her behavior may pose a risk to the well-being of the minor child, was insufficient to support modification of custody and responsibility. We disagree. The court does not need evidence of actual harm, past or present, in order to grant a petition to modify; rather, “proof of the likelihood of prospective harm” is sufficient to support a modification. Commander v. Commander, 493 So.2d 530 (Fla. 1st DCA), rev. den., 501 So.2d 1281 (Fla.1986); see also Hadley v. Cox, 470 So.2d 735, 737 (Fla. 5th DCA 1985)(recognizing that “potential” harm,- as opposed to actual harm, is sufficient to prohibit visitation); Beaman v. Beaman, 393 So.2d 19, 20 (Fla. 3d DCA 1980)(holding custody and visitation rights may be changed where children are exposed to situations which are potentially damaging to them).

II.

Former Wife also argues the court erred in not. vacating the amendment to the final judgment of dissolution of marriage. A party may vacate a marital agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching. Casto v. Casto, 508 So.2d 330, 333 (Fla.1987) (citations omitted). Still, the trial court has the ultimate discretion in deciding whether to vacate that agreement. Paris v. Paris, 412 So.2d 952, 953 (Fla. 1st DCA 1982).
Under this standard of review, we do not believe the trial court abused its discretion in denying the motion to vacate. As the trial court found, “What the Former Wife testifies as to what occurred on that evening conflicts with everything else that was presented before this court.... There is no possible way to reconcile the Former Wife’s version with that of all the other witnesses and evidence.” As the trial court reconciled the conflicting evidence adverse to Former Wife’s position, we affirm. See Espino v. Anez, 665 So.2d 1080, 1082 (Fla. 3d DCA 1995) (citation omitted).

III.

Former Husband also argues that the court denied him due process by denying his motion to shorten the time for having his experts examine Former Wife. Although we agree, we hold the error was harmless. His experts were able to and, *523 in fact, did testify as to Former Wife’s general mental and moral unfitness to have unsupervised and liberal visitation with the minor child. The trial court apparently weighed this testimony before ruling in Former Wife’s favor. Because the restriction of visitation rights is generally disfavored, Yandell v. Yandell, 39 So.2d 554, 555 (Fla.1949), we affirm.
As to the other issues raised in both appeals, we affirm as unpersuasive.
AFFIRMED.
DELL and GROSS, JJ., concur.